HARDY, Judge.
This suit was instituted by plaintiff, the legally separated husband of the defendant wife, seeking the custody of two minor children of the marriage which had been awarded to the wife in the judgment of separation. The children involved are sons. —Jerry Wayne Boulware and Sherrill J.. Boulware — aged eight and fourteen years, respectively. Plaintiff’s petition alleged that, at the time of the filing thereof, the *183 •defendant mother was confined to the psychiatric ward of a hospital and was unable to care for the children. Also named as defendant was the maternal grandmother, with whom the' younger child was living at the time. After trial there was judgment awarding the custody of the older son, Sherrill J. Boulware, to plaintiff and rejecting plaintiff’s demands for the custody of the eight-year old Jerry Wayne Boul-ware, from which latter part of the judgment the plaintiff has appealed.
The burden of the argument on behalf of plaintiff presented by counsel before this court is that the defendant wife is unfit to have the custody of the minor child because of a serious mental condition allegedly diagnosed as chronic schizophrenia, paranoid type. Counsel particularly specifies error in the ruling of the district judge sustaining defendant’s plea of privilege, based upon the existing physician-patient relationship, which had the effect of excluding the testimony of Dr. Andrew Mullen, Chief of the Psychiatric Service of Confederate Memorial Hospital, in which institution Mrs. Boulware had been confined.
We think the alleged unfitness of the defendant mother to retain custody of the minor must primarily depend upon a conclusion as to her mental condition and its possible effect upon the relationship between mother and child. This issue cannot be satisfactorily determined without a full disclosure of the findings of medical experts, and particularly one who had examined and treated the defendant.
Our examination of the statutes and jurisprudence of our State with respect to the privilege between physician and patient fails to disclose any basis for the exclusion ■of such testimony in a civil case.
The Constitution of 1921, Article 6, Section 12, LSA declares:
“The Legislature shall provide * * * for protecting confidential communications made to practitioners of medicine and dentistry and druggists by their patients and clients while under professional treatment and for the purpose of such treatment * *
In the consideration of a criminal case, in 1927, the opinion of the Supreme Court observed that the constitutional provision was not self operative and that an interpretation of any statute enacted pursuant thereto must necessarily await the enactment thereof; State v. Genna, 163 La. 701, 112 So. 655. In 1928, the Legislature adopted a Code of Criminal Procedure and among its provisions, as now set forth in LSA-R.S. 15:476, communications between physicians and patients were recognized as privileged and the right to exclude the testimony by the person in whose favor the right exists was set forth in Section 478.
The United States Court of Appeals for the Fifth Circuit considered the effect of the enactment of the above legislation in Rhodes v. Metropolitan Life Ins. Co. (1949), 172 F.2d 183. The opinion by Judge Lee pointed out the fact that the privilege is derived from statutory law and that in an instance where local law is administered under two codes — Criminal and Civil — courts were not authorized to transpose nor interchange statutory principles in the absence of express authority.
We think there can be no ground for question as to the conclusion that the privilege resulting from the physician-patient relationship is authorized only by statutory enactments. Under Common Law no such privilege exists and the general rule is that a physician may be compelled to testify. This rule has been changed by legislative enactment in many states, (cf. Wigmore on Evidence, 2nd Edition, Section 2380, et seq., and Jones on Evidence, 4th Edition, Section 759, et seq.).
In view of the fact that there is no codal nor statutory authority in Louisiana recognizing the physician-patient relationship as privileged, and, therefore, inadmissible in evidence upon objection asserted *184 on behalf of the patient, we are convinced that this specification of error should be sustained.
As above noted, we are of the opinion that the excluded testimony is relevant and material to a determination of the fitness of the defendant mother to retain custody of the minor child. It follows, in the interest of justice, that this case should be remanded for the reception of such testimony. However, we think it important that neither party be prejudiced by a narrow restriction of the order of remand to the testimony of this one witness. Accordingly, we feel that both parties should be given the opportunity to present additional testimony by medical experts based upon examinations and opinions.
For the reasons assigned the judgment appealed from is set aside and annulled and this case is now remanded to the Honorable the First Judicial District Court in and for the Parish of Caddo to be re-opened for further proceedings consistent with the views expressed in this opinion. It is further ordered that the taxing of costs be held in abeyance pending final disposition of this case.