PER CURIAM.
This is a child custody case in which plaintiff seeks modification and amendment of a judgment awarding custody of the minor children of the parties to defendant in a prior judgment decreeing a divorce in favor of this defendant. The suit was filed in the First Judicial District Court in and for the Parish of Caddo, and, on motion of defendant, a subpoena duces tecum was issued directed to the Caddo Parish School Board, requiring the production of all records of grades, cumulative and progress reports on two children of plaintiff by a former marriage.
The Caddo Parish School Board filed a motion to quash the writ of subpoena duces tecum, alleging that the same was immaterial, and further was unreasonable and oppressive as to the said Board.
The motion to quash was sustained by the-Honorable John S. Pickett, Judge ad hoc.. On application of defendant invoking the-supervisory jurisdiction of this court, alternative writs of certiorari, prohibition- and mandamus were issued, together with* rule to show cause returnable October- 5,. 1964.
Brief in support of its opposition to the-perpetuation of the writs has been- filed' before this Court by the respondent School i Board.
It is the contention of respondent that* the records which are sought to be produced are confidential and, under the established policy of the said School Board,., are not subject to production and examination except upon written consent by a. parent.
The written opinion of the district judge' discloses that his action in sustaining the-motion to quash was based upon the conclusion :
(1). That the records requested were-of á private and confidential nature, and therefore, not to. be-considcred as public- records. *855 within the meaning of LSA-R.S. 13:3711-
(2). That the records would be immaterial and irrelevant.
The production of records consisting of books, papers, documents, etc., in -response to a subpoena duces tecum, is governed by LSA-C.C.P. Articles 1354 et seq. The issuance of a writ is not dependent upon the public nature of the documents, and, in fact, the jurisprudence of our State with respect to the issuance of such writs dis- • closes that, in the vast majority of instances, the records sought were of a private nature.
The court has no disposition to ■ criticize the general policy of the School Board involved, but, on the contrary, approves its action classifying students’ records as confidential. However, it must be pointed out that the adoption and enforcement of such a general policy cannot pre-wail against the right of a party litigant to •procure the production and examination •of such records. The designation of records as being “confidential” does not have the legal effect of classifying them as privileged communications which might be exempt from judicial process. This Court 'has held that no privilege exists with re■spect to civil actions even as the result of ■a physician-patient relationship; Boulware w. Boulware (1963), 153 So.2d 182.
With reference to the contention •that the records are immaterial and irrelevant, it is our opinion that this point ■cannot be prejudged in advance of the development and presentation of defendant’s ■case on the merits. In this connection, it •is noted that the district judge expressed the opinion that the evidence would con•sist of ex parte opinions “ * * * of educators, -social workers, counsellors, and •other professional people.” It is pertinent 'to point out that if this conclusion is correct, the defendant cannot obtain information as to the identity of such “professional people” whose opinions would be pertinent except through information disclosed by the production of the records which is sought under the writ of subpoena duces tecum.
The contention that compliance with the writ would be unreasonable or oppressive is not sustained. The custody and possession of the records by the School Board is admitted. No inconvenience or difficulty in connection with their production is evidenced in any respect or degree.
For the reasons assigned it is ordered, adjudged and decreed that the writs heretofore issued be and they are maintained, perpetuated and made final, and it is further ordered that the judgment in favor of the Caddo Parish School Board sustaining its motion to quash the writ of subpoena duces tecum be and it is annulled, set aside and reversed.
Costs of this proceeding, to such extent as it may be legally liable therefor, are taxed against the respondent, Caddo Parish School Board.