CULPEPPER, Judge
(dissenting).
Our Supreme Court has clearly held in State v. Genna, 163 La. 701, 112 So. 655. (1927) that the provisions of the Louisiana Constitution, Article 6, Section 12, relating to privileged communications, are not self-operative. LSA-R.S. IS :476 of the Code of Criminal Procedure was adopted by the legislature in 1928, providing that communications between physicians and patients are privileged in criminal cases. But, as pointed out in Boulware v. Boulware, 153 So.2d 182 (La.App. 2nd Cir., 1963), with which decision I agree, this provision of the Criminal Code is not applicable to civil" cases. As noted in the Boulware case, the-history of such privileges shows that none-existed under common law. They must be based on statutory authority. Our legislature has not seen fit to establish a physician-patient privilege in civil cases and hence none exists in our law.
I do not agree that Savin v. Savin, 218 La. 754, 51 So.2d 41 (1951) can be con *57 strued as holding, or even suggesting there may be a question, that a physician-patient privilege exists in civil cases in this state. The court there expressly stated it was quoting from the lower court’s decision for the purpose of showing the trial judge’s “impressions respecting the credibility of the several witnesses.” It seems clear to me that our Supreme Court did not intend to approve the lower court’s statement that “ * * * defendant refused to waive her legal right not to have the doctor disclose the nature of her visit and the result of his examination, * * (Emphasis supplied.)
For the reasons assigned, I respectfully dissent.