SANDERS, Justice.
 

 This child-custody proceeding raises the question of whether a physician-patient privilege exists in- Louisiana civil actions.
 

 On May 15, 1964, the district court rendered a judgment of separation between the litigants. Based upon a stipulation of the parties, the court awarded to the mother, Joann Abdalla, custody of the three minor children, subject to visitation by the father. The court granted to the father the right to keep the children with him during the months of June and August of each year.
 

 On January 21, 1965, the mother filed a rule nisi seeking to have the court discontinue the visitation on the ground that the “exercise of said prolonged visitation rights are injuriously affecting the welfare of said children.”
 

 In connection with this rule, the mother sought to take the deposition of Dr. H. Tharp Posey, a neuro-psychiatrist, who had treated the father. By agreement of counsel, the deposition was scheduled before the district judge so that he could rule promptly upon objections. When the physician attempted to testify, the father objected on the ground that the medical information was privileged. Relying upon Boulware v. Boulware, La.App., 153 So.2d 182, the district judge overruled the objection.
 

 Upon application of the Defendant in Rule, the Court of Appeal granted certiorari. After submission of the case in the Court of Appeal, that court certified to us the question of whether the physician-patient privilege barred the physician’s testimony. See Moosa v. Abdalla, La.App., 173 So.2d 53.
 
 [1]
 

 
 *349
 
 Inasmuch as the record accompanied the certification to us, we have elected to handle the matter as though it were on direct appeal here. Art. VII, Section 25, Louisiana Constitution; Grand v. American General Insurance Co., 241 La. 733, 121 So. 2d 46; Louisiana Wholesale Distributors Ass’n, Inc. v. Rosenzweig, 214 La. 1, 36 So.2d 403.
 

 The physician-patient privilege was unknown to the common law. The courts admitted the relevant testimony of physicians to aid them in their search for truth. Designed primarily to encourage a full disclosure by patients to their physicians, the privilege is a creature of statute. It does not exist in the absence of a legislative pronouncement. State v. Genna, 163 La. 701, 112 So. 655; Boulware v. Boulware, La.App., 153 So.2d 182; 58 Am.Jur., Witnesses, § 401, p. 232; 20 Louisiana Law Review 418.
 

 We find no statute in Louisiana specifically creating the privilege in civil actions. The Defendant in Rule, however, points to Article VI, Section 12 of the Louisiana Constitution and LSA-R.S. 15 :- 476.
 

 Article VI, Section 12 of the Louisiana Constitution recites:
 

 “The Legislature shall provide
 
 for the interest of State Medicine in all its departments; for the protection of the people from unqualified practitioners of medicine, dentistry, veterinary medicine and pharmacy;
 
 for protecting confidential communications made to practitioners of medicine and dentistry and druggists by their patients and clients while under professional treatment and for the purpose of such
 
 treatment; for the protection of the people against the sale, barter, gift and use of injurious or adulterated drugs, foods and drinks and against any and all misbranding and adulteration of the general necessaries of life of whatever kind or character.” (Italics ours.)
 

 If a constitutional provision is incomplete in itself and contemplates supplemental and enabling legislation,'it is not self-executing. Gandolfo v. Louisiana State Racing Commission, 227 La. 45, 78 So.2d 504; State v. Flynn, 160 La. 483, 107 So. 314; 16 C.J.S. Constitutional Law § 48, pp. 142-147; 16 Am.Jur.2d, Constitutional Law, § 94, p. 280.
 

 Clearly, the language" of the foregoing section is directed to the Legislature. It contemplates a statutory enactment defining the privilege. Hence, the provision is'not self-operative and does not of itself effectuate the privilege. This Court so held in State v. Genna, supra.
 

 The Legislature defined the physician-patient privilege in Article 476 of the Code of Criminal Procedure of 1928. That Code was re-enacted as part of the Louisiana Revised Statutes of 1950, appearing in
 
 *351
 
 Chapter 1 of Title 15. The codal articles retained their identity. LSA-R.S. 15:0.1. Article 476, upon which the Defendant in Rule relies, may now be cited as R.S. 15 :- 476. The Article, however, applies only to criminal proceedings. Boulware v. Boulware, supra; Rhodes v. Metropolitan Life Ins. Co., 5 Cir, 172 F.2d 183, certiorari denied 337 U.S. 930, 69 S.Ct. 1495, 93 L.Ed. 1738.
 

 The Defendant in Rule, it is true, contends that this child-custody proceeding is quasi-criminal, justifying an extension to it of LSA-R.S. 15:476. We, however, find this argument to be unfounded. An action for separation or divorce is civil in nature. See LSA-C.C.P. Arts. 3941-3945. The fixing of the custody of the children born of the marriage is incident to the matrimonial action. LSA-C.C. Arts. 146, 151, 157. Although the state has an interest in protecting the welfare of the children, such interest does not make this child-custody proceeding a criminal matter. Thus, we cannot extend the provisions of LSA-R.S. 15:476 to this proceeding.
 

 In Boulware v. Boulware, supra, a well-reasoned decision rejecting contentions similar to those made here, the Court of Appeal stated:
 

 “Our examination of the statutes and jurisprudence of our State with respect to the privilege between physician and patient fails to disclose any basis for the exclusion of such testimony in a civil case.”
 

 To sustain the privilege, the Defendant in Rule cites Savin v. Savin, 218 La. 754, 51 So.2d 41. But that decision is not authority for a physician-patient privilege in civil actions. The sole reference to the privilege is in a quotation from the trial judge’s opinion, cited by this Court as a “thorough analysis of the evidence” on a factual question.
 

 The Defendant in Rule also urges that denying the privilege in this action would violate his rights under the federal and state constitutions. He specifically invokes the Due Process and Privileges and Immunities clauses of the Fourteenth Amendment of the United States Constitution and the Due Process, Self-incrimination, and Impairment of Contract provisions of the Louisiana Constitution.
 
 [2]
 

 The United States Constitution contains no guarantee of the physician-patient privilege. When the Constitution was adopted, the privilege was unknown. Today, approximately one-third of the states do not sanction the privilege.
 
 [3]
 
 Among the states
 
 *353
 
 that have adopted it by statute, the scope of the privilege lacks uniformity.
 
 [4]
 

 Responding to Article VI, Section 12 of the Louisiana Constitution of 1921, the Louisiana Legislature has provided for the privilege and has restricted it to criminal prosecutions. The Legislature has also authorized waiver of the privilege
 
 [5]
 
 and has created exceptions to the privilege from time to time.
 
 [6]
 

 We find no infringement of constitutional rights in denying the physician-patient privilege in this action.
 

 The purpose of the judicial process in this, as in all child-custody proceedings, is to foster the welfare of the children. The crucial issue is the physical, mental, and moral fitness of the parents. The law does not suppress medical testimony.
 

 We hold, then, as did the district court, that a physician-patient privilege does not bar the testimony of a physician in a civil action.
 

 For the reasons assigned, the ruling of the district court is affirmed, and the case is remanded to the district court for further proceedings according to law. All costs of the appellate proceedings are assessed against the Defendant in Rule; all other costs are to await the final disposition of the case.
 

 [1]
 

 . Judge Culpepper dissented, being of the opinion that no physician-patient privilege exists in civil proceedings. 173 So. 2d 53, 56-57.
 

 [2]
 

 . LSA-Const. Art. I, Sections 2 and 11; Art. IV, Section 15.
 

 [3]
 

 . 8 Wigmore, Evidence § 2380 (McNaughton rev. 1961); McCormick On Evidence § 101, p. 211 (1954).
 

 [4]
 

 . See 8 Wigmore, Evidence § 2380, Footnote 5 (McNaugliton rev. 1961).
 

 [5]
 

 . LSA-R.S. 15:478.
 

 [6]
 

 .See, e. g., LSA-R.S. 40:978 (narcotics) and LSA-R.S. 14:403 (abuse of children).