ELLIS, Judge
(dissenting).
I disagree with the majority opinion for two basic reasons: first, it fails to give the proper weight to a jury verdict, and second, it fails to consider serious specifications of error assigned by appellants.
The majority opinion correctly sets forth the law applicable to such a case as this, *398 insofar as the merits are concerned. But I can not agree that the fact that a jury has rendered a general verdict permits us to substitute our findings of fact for those of the jury in the absence of manifest error. I further believe that there can be errors of law made on the trial level which are too serious to be corrected by us on appeal, no matter what our findings of fact may be. Such errors necessitate a new trial of the case.
In this case, for instance, only one of the specifications of error was considered by this Court. The fourth specification of error, which was not considered, relates to the following special instruction given to the jury at the behest of the defendant.
“I further charge you that Title 14 Section 50 of the Louisiana Revised Statutes in part pertinent to this litigation provides:
“ ‘There shall be no prosecution for defamation in the following situations: (2) when the statement is made by a witness in a judicial proceeding, or in any other legal proceeding where testimony may be required by law or such statement is reasonably believed by the witness to be relevant to the matter in controversy.’
“Therefore any statement made by Mr. Angelle to investigators of the Civil Service Commission in answer to question put to him is privileged and cannot form the basis of an action for slander.”
I believe this instruction to be erroneous. It states that there exists an absolute privilege for remarks made to the investigator, and bases the statement on a criminal statute which creates immunity from prosecution under such circumstances. This is a misapplication of R.S. 14:50, which was never intended to apply to civil proceedings. See Moosa v. Abdalla, 248 La. 344, 178 So.2d 273 (1965).
The effect of the instruction was to prevent the jury from considering anything said by defendant to Mr. Hamner, the investigator for the Civil Service Commission. These statements were the basis for about half of plaintiff’s case. I believe that this is a serious enough error to warrant a remand to the trial court for a new trial.
I appreciate the position of the majority opinion to be that so long as the record is complete, this Court has jurisdiction of both law and fact and can proceed to a determination of the case, no matter what the result may have been below, and in the face of errors of law such as that set forth above.
I agree that this Court has the right and the duty to consider both the legal and factual findings of a trial court, whether the case is heard by a jury or by the Judge alone. However, I further believe that one who asks for a jury trial is entitled to a jury trial, and I believe that this right includes a verdict from a jury which has been properly instructed as to the law, and which has been allowed to consider plaintiff’s case to the full extent the law permits. A judgment based on such a verdict should be overturned by us only in the event of a finding of manifest error.
Plaintiffs in this case have not been granted a full jury trial by virtue of the erroneous instruction discussed above, and in my opinion this case should be remanded, with instructions, for a new trial.
Ellis, J., dissents from refusal to grant Rehearing.