223 So.2d 680 (1969)
Curtis R. EMERY
v.
Gloria R. EMERY.
No. 3556.
Court of Appeal of Louisiana, Fourth Circuit.
June 2, 1969.
*681 Bernard, Micholet & Cassisa, Richard L. Bodet, New Orleans, for plaintiff-appellant.
Alvin Rudy Eason, Metairie, for defendant-appellee.
Before HALL, BARNETTE and LeSUEUR, JJ.
BARNETTE, Judge.
This is an appeal by Curtis R. Emery (plaintiff) from a judgment in a habeas corpus proceeding awarding to his divorced wife, Gloria R. Emery (defendant), the custody of their minor daughter.
On August 9, 1967, defendant obtained an absolute divorce from plaintiff in Washington County, Arkansas. Pursuant to that decree, a custody agreement was entered into by the parties whereby it was stipulated that plaintiff would have the primary custody of their two minor children, and that the two children would live and reside with him for the regular school term, subject to the right of the mother to visit the children at reasonable and convenient times. It was also agreed that the children would live and reside with defendant for the summer vacation months, subject to reasonable and convenient visitation periods by plaintiff.
Immediately after the divorce decree was rendered, defendant left the State of Arkansas and moved to Jefferson Parish, Louisiana. Plaintiff continued to reside at the parties' former home in Arkansas.
In accordance with the custody agreement, plaintiff delivered his daughter, Diana G. Emery, to her mother for the summer months during the year 1968. At the end of this period, or in September, 1968, defendant refused to return the child to her father but instead enrolled the young girl in a public school in Jefferson Parish for the school year of 1968-69. After several unsuccessful attempts to obtain custody of the child, plaintiff filed a habeas corpus proceeding in the district court in Jefferson Parish. In answer to plaintiff's petition for a writ of habeas corpus, defendant sought custody of her minor daughter alleging, inter alia, that plaintiff had failed to properly care for the child, that the child had indicated she wished to remain with her mother, and that because the young girl (12 years of age) was approaching the age of young womanhood, she needed the care and attention which only her mother could give.
This case is strikingly similar to the Brewer case decided by us on April 7, 1969. See Brewer v. Macaluso, 221 So.2d 343. That case also involved the issue of custody of a minor child in a habeas corpus proceeding brought in Jefferson Parish, Louisiana, and heard by the same district judge whose judgment is now on appeal in this case. The plaintiff in the Brewer case sought to regain custody of his child brought to Louisiana from Mississippi, and whose return to his custody was resisted by the mother. The plaintiff there, as here, based his right to custody upon a consent decree granted by the court *682 of the sister state. He sought enforcement of the judgment of the sister state upon the full faith and credit provision of the Constitution of the United States.
On October 16, 1968, a full hearing of this matter was conducted by the district court, over the objection of counsel for plaintiff, whereby judgment was rendered granting defendant custody and control of the minor child, subject to certain visitation periods allowed plaintiff.
It is plaintiff's argument on this appeal that the trial court erred in allowing evidence to be introduced by defendant to determine custody of this child and, in effect, turn the habeas corpus proceeding into a custody hearing. Plaintiff asserts that the only issue that should have been decided by the district court was whether there was jurisdiction vested in the Arkansas court that originally rendered the custody decree. He contends that under the provisions of Article 4, Section 1 of the United States Constitution, full faith and credit must be given to the custody decree rendered by the Arkansas court; and, therefore, in a habeas corpus proceeding in this State, this decree cannot be collaterally attacked by our courts.
As stated in substance in the Brewer case, while it is true that under the full faith and credit clause of the United States Constitution the custody decree of the Arkansas court is entitled to the same credit and effect in Louisiana that it has in Arkansas, it is also equally true that the requirement of full faith and credit does not require a state court to attach a greater importance to a foreign court judgment than the state granting the judgment. The court of the state in which the child finds himself has the right to assume jurisdiction, despite a valid custodial decree of a foreign state, on the basis that the child's welfare must be the controlling consideration. The court may inquire into any change of conditions which affects the child's welfare and indicates need for a change in the custodial decree. State ex rel. Girtman v. Ricketson, 221 La. 691, 60 So.2d 88 (1952); State ex rel. Cahill v. James, 172 So.2d 299 (La.App. 1st Cir. 1965.)
In the Ricketson case, supra, the trial court refused to hear testimony from the mother to support allegations contained in her answer to the habeas corpus proceeding that a change in circumstances detrimental to the welfare of the child were such as to compel an award of custody of the child in her favor. In that case the father had obtained a custody decree in Florida very similar to that obtained in this case. While the mother had the child on a Christmas vacation in Jefferson Parish, she sought to obtain custody. After a thorough discussion of the jurisprudence of our sister states, the Supreme Court held the trial court erred in refusing to allow testimony in the habeas corpus proceeding to determine custody of the child, and that the Florida court's decree was subject to modification in the Louisiana habeas corpus proceeding. See also Hickman v. Hickman, 218 So.2d 48 (La.App. 3d Cir. 1969, writs to the Louisiana Supreme Court denied on April 3, 1969).
From the above-given jurisprudence it is evident that the trial court did not err in this case in allowing defendant to produce evidence to determine the custody of the child.
The next issue to be determined by this court is whether the trial court erred in awarding custody of the young girl to Mrs. Emery.
In considering this issue this court is well aware of the jurisprudential rule that a judgment awarding custody of children to one of the parents is not irrevocable but is subject to modification, alteration, change or reversal whenever a change in circumstance so dictates in the interest and welfare of the children concerned. Likewise, it is well settled also that modification of an award of custody of a child is justified when a change in *683 conditions requires such modification in the best interest and welfare of the child. Person v. Person, 172 La. 740, 135 So. 225 (1931); Ransom v. Mitchell, 193 So.2d 359 (La.App. 1st Cir. 1966); McCaa v. McCaa, 163 So.2d 434 (La.App. 2d Cir. 1964); Gentry v. Gentry, 136 So.2d 418 (La.App. 1st Cir. 1961). However, in cases where custody has been awarded to one spouse, while the award is not irrevocable, being subject to modification at any time when a change in circumstances merits it, it is incumbent upon the party requesting the modification to prove that the conditions under which the children are living are detrimental to their interests and further that the applicant can and will provide a good home and better environment if given their custody. Wells v. Wells, 180 So.2d 580 (La.App. 3d Cir. 1965); Poitevent v. Poitevent, 152 So.2d 256 (La.App. 4th Cir. 1963); Gentry v. Gentry, supra.
In his reasons for judgment the trial court judge gave a brief but thorough statement concerning the conclusions that can be reached from a reading of the testimony in this proceeding. He stated, in part:
"All of the witnesses testified on behalf of Mrs. Emery, including Robert Emery, a major son born of the marriage between the parties. From the testimony presented, it must be concluded that from August, 1967 to June, 1968, while the minor was in the physical custody of her father, Mr. Emery made every effort to insure that his daughter was properly cared for and no personal aspect of her existence was neglected. Many times he performed the household duties of preparing her meals and always arranged for her proper supervision. He literally dedicated all of his free time towards caring for his daughter, even at the sacrifice of his own social activities.
"During this period, Mrs. Emery moved to Jefferson Parish and obtained a responsible position of employment. She has secured ample and satisfactory living quarters, sufficient to accommodate herself, her mother and the child. Her conduct has been exemplary and she enjoys the respect of her employer and co-employees. Under her supervision the child is maintaining excellent grades in school.
"After carefully considering all of the evidence, the Court is of the opinion that it is to the manifest best interest of the child that her custody be awarded to the mother. It should be obvious that the change in custody is not, in any manner, attributable to the father's failure to fulfill his responsibilities towards his daughter, while she was in his care. The converse is true and it must be acknowledged that his actions were, at all times, those of a devoted parent.
"The fact that the minor is a twelve (12) year old girl is perhaps the one factor that his most influenced the Court in its decision. She has reached the stage in life when she will undergo the psychological and physiological reaction experienced by females in the transition from childhood to adulthood. She will, at this moment, need the counsel, guidance and advice of someone in whom she can confide with complete ease and frankness. The knowledge that her mother has had a similar experience lends itself to a more intimate rapport between them, that does not exist towards her father. This need of the minor can only be fulfilled by the mother. Particularly in view of the fact that the child is extremely close to her mother and desires to remain with her.
"For these reasons, the Court is of the opinion that the custody of the minor, Diana Emery, be awarded to her mother, Mrs. Gloria R. Emery, subject to the father's right of reasonable visitation, as prescribed in the judgment."
From the foregoing it is evident that the factor most determinative to the trial court in awarding custody to Mrs. Emery was the fact that Diana was leaving the years *684 of adolescence and was approaching the sometimes trying and frustrating period in her life of young womanhooda time when perhaps more so in any young girl's life the guidance and help of her mother is needed most.
In our opinion in the Brewer case, supra, we quoted with approval from the reasons for judgment of the trial judge as follows:
"`What circumstances have been presented in the instant case, to warrant a change in the award of custody as decreed by the Mississippi Court? I think it is necessary that we define what is meant by circumstance. We must as it relates to questions of custody, consider the term "circumstance" in its broadest form as distinguished from some material aspect or condition. In the opinion of the Court a change in circumstance, is not restricted to the physical condition of the parent or a financial position, but is even broader in scope. It also encompasses the emotional condition of the child.
"`The term "manifest best interest of the child" means the obvious best interest of the physical and mental welfare of the minor * * * The manifest best interest of this child involves both its physical care and its mental makeup, and anything which adversely affects it must be considered by the Court.'" 221 So.2d at 346.
This statement would seem to sum up the considerations which must be taken into account in our present decision. From a reading of the record it is apparent that both parents are responsible and qualified persons to care for Diana, and regardless of the decision reached by this court a truly just and desirable result will not be reached, as it seldom can be in cases of this sort. However, after a careful consideration of all aspects of this case, it is this court's opinion that the conclusions reached by the trial court are correct and that the best interest and welfare of the young girl will best be served by awarding her custody to Mrs. Emery. The fact that Mr. Emery has moved to Baton Rouge to teach at Louisiana State University may alleviate somewhat the expense and difficulties of visitation which previously resulted when the parties were residing in different states.
Accordingly, for the foregoing reasons the judgment of the trial court is affirmed at appellant's cost.
Affirmed.