ELLIS, Judge:
This is an appeal by Mrs. Patricia G. Miyagi, plaintiff herein, from a judgment granting a separation from bed and board to her husband, defendant Masaaki Miyagi, on his reconventional demand, and awarding to him custody of their three minor children. In her appeal, Mrs. Miyagi places at issue only custody, child support and attorney’s fee, the latter two- items not having been covered by the judgment appealed from. No issue is raised as to the judgment of separation.
The record shows that Mrs. Miyagi has a rather lengthy history of mental illness, for which she has been hospitalized on four separate occasions. She has also undergone psychiatric treatment as an outpatient, and has been taking medication for her condition for a number of years. She was last hospitalized at Southeast Louisiana State Hospital, where her condition was diagnosed as schizophrenia, paranoid type, and her prognosis given as fair to guarded. She was_ discharged from that hospital on January 12, 1972, and has been an outpatient at the Baton Rouge Mental Health Center since that time. She was seen on one occasion there by Dr. Albert E. Fant, Staff Psychiatrist, and has been treated since her release from the hospital by Dr. J. R. Wilson, Staff Psychiatrist.
Dr. Fant, who was familiar with Mrs. Miyagi’s hospital records and who interviewed her for an hour and fifteen min *719 utes in April, 1972, wa? of the opinion that she was then capable of having custody of her children. He also testified that he was unfamiliar with Mr. Miyagi, and could not state anything about him. He testified that, as a general matter, children living in a “normal” environment will be better off than those living with a parent who is mentally disturbed.
Dr. Wilson did not testify in the case, but we have the benefit of the records of the Baton Rouge Mental Health Center, Southeast Louisiana State Hospital and Hawaii State Hospital, where Mrs. Miyagi was a patient in 1971. These indicate a history of mental illness and irrational behavior on her part dating back to 1967.
The three children are Michelle, 6, Hiko, 4, and Renae, 1. They have been in the' custody of their father since Mrs. Miyagi was hospitalized in Hawaii in 1971. It was not until that time that Mr. Miyagi filed his reconventional demand and sought custody of the children.
Mr. Miyagi is employed as a chemist, and, since his marriage, has supported his family and gone to college to further his education. At the time of the trial, he was five credit hours short of getting his degree. He is living in the family home, where he does the housework and cooking. His children are either in a day nursery or at school while he is at work.
One day a week he goes fishing and Mrs. Miyagi comes to the family home and cares for the children. She does cleaning and washing while she is there. On one occasion, Mr. Miyagi left the children in her care for several days while he was out of town.
In ruling on the question of custody, the trial court said:
“Further, the court is of the opinion that the children are, and have been, in relatively good circumstances considering all of the tragic circumstances of the past and that their best interests and welfare require that custody be awarded to their father.”
The principles controlling our determination are set forth in Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971), as follows:
“1. The paramount consideration in determining to whom custody should be granted is always the welfare of the children. Drouin v. Hildenbrand, 235 La. 810, 105 So.2d 532 (1958) and jurisprudence therein cited; see also Moosa v. Abdalla, 248 La. 344, 178 So.2d 273.
“2. The general rule is that it is in the best interest of the children of the marriage to grant custody to the mother, especially when they are of tender years. Such paramount right of the mother to custody should not be denied unless she is morally unfit or otherwise unsuitable, and it is only in exceptional cases that the better interest of the children is served by changing their custody from the mother to the father. .
“4. Upon appellate review, the determination of the trial judge in child custody matters is entitled to great weight. He is in a better position to evaluate the best interests of the children from his total overview of the conduct and character of the parties and the children and of community standards. His discretion on the issue will not be disturbed on review in the absence of a clear showing of abuse thereof.”
Considering the facts presented in the light of the foregoing principles of law, we are unable to find any abuse of the discretion vested in the trial judge. We do not believe that the record as a whole reflects that Mrs. Miyagi is able to accept the full burden of responsibility for the care of her children. Certainly, they are being properly cared for by their father, considering the difficult circumstances under which he lives.
Having concluded that the trial judge correctly determined the matter of custody, we need not consider the question of child *720 support. Since the record is not adequate for a determination of alimony for Mrs. Miyagi, we pretermit this question, as did the trial court.
Mrs. Miyagi is entitled to recover her attorney’s fee from the community estate, and we find that the record supports a total award of $500.00 for same.
The judgment appealed from is therefore amended, so as to give judgment to Mrs. Patricia G. Miyagi and against Masaaki Miyagi in the sum of $500.00 as her attorney’s fee, payable out of the assets of the community, and as amended, it is affirmed, at Mrs. Miyagi’s cost.
Amended and affirmed.