338 So.2d 124 (1976)
Bobby Joe BRUMMETT
v.
Ruby Brummett HUDSON.
No. 10877.
Court of Appeal of Louisiana, First Circuit.
September 20, 1976.
*125 Robert S. Rogers, Borne & Rogers, Franklin, for appellant.
Kenneth W. Ford, Morgan City, for appellee.
Before SARTAIN, CHIASSON and EDWARDS, JJ.
CHIASSON, Judge.
On July 25, 1974, in the Court of Domestic Relations of Taylor County, Texas, Ruby Brummett Hudson, defendant-appellee, was divorced from Bobby Joe Brummett, plaintiff-appellant. In its judgment the Court granted custody of the children born as a result of the marriage to the appellee and ordered the appellant to pay $180.00 per month as child support.
Near the end of August, 1974, the appellee married Richard Hudson. The appellee, her present husband, and the children of her previous marriage moved to Louisiana after Christmas, 1974.
On April 7, 1975, the appellant married Elva Linda Saenz.
On April 16, 1975, the appellant brought this suit to obtain custody of the children born during his marriage to the appellee. After a trial on the merits the District Court rendered judgment awarding custody of the children to the appellee and fixing visiting rights for the appellant. It is from this judgment that the appellant brings this appeal.
The appellant contends that:
"1. The Trial Court erred in its not allowing testimony as to the immoral conduct of the defendant-appellee occurring prior to the Texas divorce decree and award of child custody to the defendantappellee.
"2. The Trial Court erred in not finding that the defendant-appellee, Ruby Brummett Hudson, neglected the said minor children and in not finding that she was morally unfit to retain the custody and care of the said minor children."
The rule in Louisiana is that a party seeking to modify a custody decree bears the burden of proving a material change in conditions and circumstances which are detrimental to the child's welfare. Gentry v. Gentry, 136 So.2d 418 (La. App., 1st Cir., 1961); Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955). Evidence as to the conduct of the appellee prior to the divorce, is not evidence which would prove a change in conditions detrimental to the child's welfare. The judgment of the Texas Court awarding custody to the appellee is recognized as being res judicata as to the best interest of the children at the time of its rendition. State v. Ricketson, 221 La. 691, 60 So.2d 88 (1952); Tennyson v. Tennyson, La.App., 263 So.2d 88 (1st Cir., 1972). Therefore, the Trial Judge did not err when he refused to allow testimony as to conduct of the appellee prior to the Texas divorce decree.
*126 The evidence adduced at the trial on the merits did not indicate that the appellee was neglecting her children or that she was morally unfit to retain the custody and care of the children. While the appellant may be able to provide the children with better material surroundings, custody will be changed only where there is proof that the children are in a deleterious situation and that a change in custody will be in the best interest of the children. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971).
For the foregoing reasons, the judgment of the District Court is affirmed. Cost to be paid by the appellant.
AFFIRMED.