SAMUEL, Judge.
Plaintiff appeals from a judgment changing the custody of one of her children (Wyatt, age 13 years at the time the judgment was rendered) to that of the father. In this court appellant contends: (1) she was absent and unrepresented at the trial due to lack of notice; and (2) alternatively, the record is devoid of evidence sufficient to support the change of custody.
Relative to the matter of notice, the mother was represented since April 4, 1974 by Joel T. Chaisson who on that date filed her petition for legal separation, represented her at custody and alimony hearings, in connection with settlement of the community, and later at the divorce of the parties, which was granted the father on February 27, 1976,[1] and for various matters pertaining to rules for contempt and change of custody.
On April 28, 1978 defendant husband moved for a change of custody. His attorney requested personal service of process on the wife. The record reflects that such service was made by the sheriff on May' 3, 1978 and the clerk of court had certified that on May 1, 1978 a copy of the motion and order was mailed to all counsel of record. The hearing was set for June 9, 1978.
On May 22, 1978 Chaisson, plaintiff’s attorney, filed a motion to withdraw as counsel of record. On June 9, the date set for the hearing, defendant’s attorney requested a continuance for the following reason: “Both counsel for plaintiff and counsel for defendant are agreeable to having the above hearing continued to June 23, 1978.” The matter was continued until that date and defendant’s counsel certified a copy was mailed to all counsel of record.[2]
Plaintiff's new attorney, Ernest V. Richards, IV, has never filed a motion to be recognized as attorney of record. However, on June 27, 1978 his motion for continuance was filed by the court, having been received on that date. The certificate of Mr. Richards indicates that he had mailed the motion on June 22, 1978. The motion was denied because it was received after the trial of the matter.
Thus, it is clear that plaintiff’s new attorney was fully aware of the fact that the rule for change of custody was set for June 23, 1978.
Under the provisions of C.C.P. Art. 1601 a continuance may be granted in any case if there is good ground therefor.
Plaintiff’s attorney, obviously aware that the hearing was set for June 23, cannot complain that his motion for continuance, mailed the day prior to the hearing and not received until a later date, was denied.
Nor do we agree that the record is devoid of evidence sufficient to support a change of custody. The father and his son, Wyatt, whose custody was sought to be changed, both appeared at the hearing. The father testified the mother’s new husband used unreasonable discipline on the children, striking them with belt buckles, monitored the telephone calls between himself and his children (although specifically ordered not to do so by the trial judge at an earlier hearing), and that plaintiff was consistently late in bringing the children to defendant on visitation days and late at arriving at the prearranged destination to return the children, that she ignored the court order to make the children available to him for the first three weeks of their *717 vacation period after school closed, that they were not receiving sufficient religious instructions while in her care, and that the children were frequently left alone with no adults in the house.
The father testified to one occasion where Wyatt telephoned in a hysterical condition fearing that he had broken his arm. The children live in Bush, Louisiana and the father resides in New Orleans. The father tried to get assistance from a hospital (in Bush) but was told there was nothing the hospital could do unless he could get the child to the hospital. He again phoned the child trying to instruct him what to do, and called thereafter every 10 minutes. He first spoke with the child about 2:25 in the afternoon and it was not until after 6 p. m. that one of the younger children came home. He attempted to give instructions to the younger child to assist the brother, and continued to call constantly, but it was not until 9:25 p. m. that he was able to reach an adult in the family.
The trial judge spoke with young Wyatt for 15 minutes in chambers, and thereafter took the matter under advisement. It is to be noted that the trial judge suggested, and defendant’s attorney agreed, that the testimony of Father Farrell A. O’Reilley, who had testified in an earlier proceeding, was adopted in this proceeding. Fr. O’Reilley testified the children’s father is a good Catholic, attends weekly mass, has been generous with the church, and brings his children there on many occasions. He has a good reputation with the parishioners.
The father’s father, who lives next door, testified his son is able to provide a good home for the children and can arrange his work schedule so as to be home after school. It was also brought out that numerous uncles and aunts reside in the area and can be of help because they are a closely knit family-
We note that the record, since the initial filing for a petition of separation in 1974, is replete with domestic proceedings and that the trial judge had ample opportunity to be aware of all facets of this domestic matter.
It is well established that a party seeking to modify an existing custody judgment has a double burden of proving that the conditions under which the minor is living are detrimental to his best interest and further that the applicant can and will provide a good home and better environment if given custody.[3] The evidence adduced at the trial was amply sufficient to support such a finding. Accordingly, we find no abuse of discretion in the trial court judgment ordering a change of custody.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. After he had filed a petition for divorce on the ground of adultery.

. We are advised by defendant’s brief that the reason for personal service on plaintiff by the sheriff was because he had heard she was selecting other counsel; we are further advised that the request for the continuance made by defendant’s attorney on June 9 was at the request of the plaintiff’s new attorney and was made with the understanding after both attorneys consulted their calendar that June 23 was satisfactory to both and no further continuances would be requested. In view of the fact that Mr. Chaisson had withdrawn as attorney of record on May 22, the motion for a continuance filed June 9 by defendant’s attorney supports this advice relative to the agreement of defendant’s attorney with a new plaintiff attorney.

. Decker v. Landry, 227 La. 603, 80 So.2d 91; Bergeron v. Bergeron, La.App., 257 So.2d 816; Brummett v. Hudson, La.App., 338 So.2d 124.