BOUTALL, Judge.
This is a case involving the custody of two children.
On May 5, 1976, Gail Schexnayder, appel-lee, was granted a judgment making execu-tory the divorce decree and child custody award obtained by her in Las Vegas, Nevada in 1972. Appellee maintained custody of the two minor children, Rudolph Erick and Keith Alexander, aged 9 and 7 years, until May 27, 1977 at which time she voluntarily relinquished custody to the father, Rudolph Kincke, appellant, pursuant to an affidavit citing reasons for her decision. In May of 1978, appellee contacted appellant requesting the return of the children. Appellant then filed a rule to show cause why he should not be granted permanent custody of the children. After a hearing, judgment was rendered in favor of the mother and this appeal was brought.
Appellant contends that the trial court erred in applying the “maternal preference” and “double burden” rules to this case and also in finding that it was in the best interest of the children that the mother retain legal custody. In the reasons for judgment, the trial judge recited the following findings:
“1. The affidavit was not a voluntarily relinquishment of the court awarded custody to the mother.
“2. The personal, domestic and economic problems of the mother during May, 1977, had been resolved and
“3. The special health and educational needs of the two children could be well met by the mother with the facilities and resources within this parish and at her use.
“This court must find that the mother still has legal custody of the two minor children and that a change of custody does not appear to be in the best interest of the children.”
We find that the trial court did not apply either the maternal preference or double burden rule to this case. The judge merely found that the best interest of the children would be served by the retention of legal custody in the mother. The three findings are simply determinations on the evidence presented and, as such, are support for the decision reached. Our inquiry, then, must focus on the correctness of the court’s finding that it is in the best interest of the children to retain legal custody in the mother.[1]
The paramount consideration in determining to whom custody should be granted is always the welfare of the children. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971); State ex rel. Killman v. Gurley, 354 So.2d 755 (La.App. 4th Cir. 1958). Since the judicial system imposes upon trial judges the duty of deciding child custody cases, the judges must have authority and discretion commensurate with that responsibility. See Stevens v. Stevens, 340 So.2d 584 (La.App. 1st Cir. 1976). The decision must not be disturbed absent a clear abuse of discretion. Gurley, supra, Landry v. Landry, 339 So.2d 360 (La.App. 1st Cir. 1976).
*744 Appellant’s main contention deals with the education of the oldest boy, Erick. The evidence is to the effect that Erick suffers from a learning disability first discovered in 1974. Attempting to deal with this problem, Erick’s mother paid for extra tutoring by his first grade teacher and later placed him in a learning resource room for learning disability children. She and her husband were also very active in attempting to obtain a more extensive special education program in St. Charles Parish.
Appellant introduced evidence tending to show that Erick’s reading and mathematics levels were far below his age level at the beginning of his stay with his father and that it increased dramatically as a result of the special education he received during that year. The trial judge was convinced and the evidence shows however, that St. Charles Parish now has the facilities to meet Erick’s special education needs. Further, we are convinced that the efforts of the mother to properly educate Erick before the relinquishment of custody showed a substantial concern for the wellbeing of her child, regardless of the effectiveness of the facilities available to her at the time.
We also find that the relinquishment of custody itself revealed appellee’s concern for her children’s welfare. The testimony shows that appellee faced major surgery and a potentially serious disease. Certain of substantial medical bills and a major loss of time at work, appellee was not unjustified in deciding that the children’s father could provide better care during this period. The affidavit of appellee stated in part:
“Due to the above and foregoing circumstances she hereby consents to allowing the aforesaid minor children to live in the home of her former husband, Rudolph Edward Kincke, for an indefinite period of time, allowing the said Rudolph Edward Kincke, to exercise the proper care, custody and control of the minor children, including enrollment in school, it being provided and understood that appearer reserves her future right to resume her right to custody of the said minor children, nothing herein being intended that appearer relinquishes her right to the legal custody that she now possesses to custody of the minor children.”
It is evident from the affidavit that ap-pellee took this action with the children’s best interest in mind. Consistent with this is appellee’s explanation as to the length of time the children lived with their father. She admitted that she had recovered from the illness long before she requested the return of the children but reasoned that it would be better for the children to remain with the father until the end of the school term rather than undergo a change of schools in mid-school year. This reasoning is sound, especially in view of Erick’s learning difficulties. Appellee requested the return of the children promptly at the end of the school year.
Appellant’s final argument centers upon the alleged domestic problems of appellee and her second husband. Testimony was introduced indicating that marital difficulties were present at one time and that they were actually living separate and apart for a six week period in 1977. There is, however, no showing that any problems whatsoever existed at the time of trial. The judge was justified in finding that the domestic problems of the mother were resolved by the time of trial and that she was able to properly care for the children.
In view of the evidence, we cannot conclude that the factual determinations made by the trial judge were clearly wrong. See Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The record simply does not disclose an abuse of discretion in the trial judge’s holding that it was in the best interest of the children to continue the previous award of custody to the mother.
For all of the above reasons, the judgment below is affirmed.

AFFIRMED.

. For explanation of the maternal preference rule see Stevens v. Stevens, 340 So.2d 584 (La.App. 1st Cir. 1976); regarding the double burden rule, see Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955). These rules are merely aids in determining what is in fact in the best interest of the children. See State ex rel. Killman v. Gurley, 354 So.2d 755 (La.App. 4th Cir. 1978); Stevens, supra.