SAMUEL, Judge.
Plaintiff appeals from a judgment denying his rule for change of custody of his two minor daughters. In this court he contends the trial court erred in: (1) not finding the defendant an unfit mother; (2) applying the maternal preference rule; and (3) not basing the award of custody on the best interest and welfare of the children.
Appellant’s first contention, with which we do not agree, is based upon the alleged unsavory lifestyle of his former wife. The evidence reflects he obtained a divorce from the defendant on the ground of adultery. However, the wife was awarded custody at that time because the husband had no one to watch the children.
Following the divorce the mother married her paramour and later moved to Arizona where she went into the feed business with another man. She divorced her second husband prior to having an illicit relationship with her feed store partner, and at the time of trial of this case had recently married her third husband, who is a construction worker overseas.
The trial judge made it quite clear he was unhappy with the wife’s lifestyle. But he had before him evidence that the plaintiff husband had also lived with his second wife prior to their marriage. Since both parties had engaged in the same sort of premarital conduct, the trial judge did not find the mother unfit, particularly in view of the fact that she was married at the time of trial.
Nor do we agree with the second contention relative to error in applying the maternal preference rule. It is true this is not an initial claim regarding custody, but rather a claim for change of custody. Thus, regardless of any other considerations, the maternal preference of Civil Code Article 146 is inapplicable.[1] However, our review of the record does not support a finding that the judgment appealed from is based upon that rule.
We also disagree with the third contention regarding the best interest and welfare of the children. It is well established that a party seeking to modify an existing judgment of custody has a double burden of proving: (1) the conditions under which the minor is living are detrimental to his best interest; and (2) the applicant can and will provide a good home and better environment if given custody.[2]
The children live on a ranch in Arizona owned by their maternal grandmother. They have their own horses, attend school regularly and appear to be well cared for. Although the mother was out of the country for 2V2 weeks with her present husband, the children were left in the care of the grandmother and another relative.
One of the children, a 13V2 year old daughter, testified she would prefer to live with the father because he had a better life. She felt her mother was cruel to her because she punished her when she did something wrong. She also stated the feed store man had slapped her on one occasion as punishment. She admitted she was well fed and cared for and that she loved her relatives. Her testimony does not indicate she was neglected, unjustly punished, or that she led anything other than a relatively normal life on the ranch.
The father is now in a position to offer his daughters a good home since he has remarried and his present wife does not work. The present wife has several small children of her own, but they presently live with her former husband, because she had had an operation and was unable to care for them at the time. Apparently she is now trying to regain custody of her children.
 Upon appellate review, the determination of the trial judge in child custody eases is entitled to great weight. He is in a better position to evaluate the best interest *758 of the children from his total overview of the conduct and character of the parties and the children.[3] With that rule in mind, we are of the opinion that the trial court judgment was based upon the best interest and welfare of the children. Accordingly, we find no abuse of discretion.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. State ex rel. Killman v. Gurley, La.App., 354 So.2d 755.

. Cambre v. Cambre, La.App., 372 So.2d 715; Decker v. Landry, 227 La. 603, 80 So.2d 91; State ex rel. Killman v. Gurley, supra, note 1; Brummett v. Hudson, La.App., 338 So.2d 124; Bergeron v. Bergeron, La.App., 257 So.2d 816.

. State ex rel. Killman v. Gurley, supra, note 1; Messner v. Messner, 240 La. 252, 122 So.2d 90; Salley v. Salley, 238 La. 691, 116 So.2d 296; Decker v. Landry, supra, note 2; Guillory v. Guillory, 221 La. 374, 59 So.2d 424.