CHEHARDY, Judge.
Defendant, Robert L. Lucien, has appealed a judgment which denied him custody of his minor child and awarded his wife Peggy Lucien $425 monthly as child support for that minor.
The basis for the change in custody rule, according to the father’s pleading, is that the mother is living in open concubinage with a man who is not her husband in the same dwelling where she cares for her child and that the mother is not furnishing proper education. The court rejected the father’s request for custody even though he introduced evidence to support his allegation his wife was living with one Elmo Cornelius. In written reasons for judgment the court noted:
“The Court is disturbed at the lack of truthful testimony in this ease.
* * * * * *
“The Court has .denied a change of custody at this time.
“However, if the Court should be convinced that Mrs. Lucien is carrying on an affair in the apartment where she and the child live, custody will be changed.”
Robert Lucien and a neighbor of Mrs. Lucien gave testimony to the effect that Cornelius lived with plaintiff as her husband; that he was seen leaving her apartment in the morning; that he was seen going into the apartment at night and remaining there after the lights were extinguished; and that he spent large amounts of time there.
Although the defense evidence places Cornelius in Mrs. Lucien’s apartment on several occasions at night after the lights were extinguished, we cannot place great weight on the testimony because the trial judge said he did not believe it. To reverse on credibility, we would have to conclude from the evidence the finding was clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973); and DiVincenti v. Desforges, 372 So.2d 606 (La.App. 4th Cir. 1979). Nor need we consider the sufficiency of the evidence in view of our affirming the credibility decision of the trial court. The allegations on improper education also were not proven.
“It is well established that a party seeking to modify an existing judgment of custody has a double burden of proving: (1) the conditions under which the minor is living are detrimental to his best interest; and (2) the applicant can and will provide a good home and. better environment if given custody.” Schlegel v. Schlegel, 375 So.2d 756, 757 (La.App. 4th Cir. 1979). The record does not disclose that defendant has satisfied this double burden of proof necessary to modify the existing judgment of custody.
We next consider appellant’s complaint regarding the award of child support to appellee at the rate of $425 per month. Appellant correctly points out that the mover seeking an increase in child support must prove a change in circumstance since the award sought to be revised was made. This rule of evidence applies whether the award sought to be modified was fixed by the trial court in an adversary proceeding or was adopted pursuant to a consent judgment. Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973); Johnson v. Johnson, 357 So.2d 69 (La.App. 4th Cir. 1978). Phrased in terms of dollars and cents, the issue here is whether the record supports the trial court’s increasing child support from $300 to $425 per month. At the outset we note the mother’s claim that she requires in excess of $1,500 monthly to support the child is exaggerated. However, the father’s claim that his income is $7,800 per annum is likewise incredulous. The trial court concluded that *520 the father grossly understated his income for federal tax purposes and this is amply supported by the record. It is not disputed that the defendant operates a hotel having 50 rental units which are leased either by the hour or by the day. It is further not disputed that at one time the hotel contained 25 units and that it now has been expanded to double the size. Without a protracted discussion of the mathematics, we note the record fully supports that defendant’s income must have increased substantially. The trial judge stated he would have awarded more had the plaintiff proved her needs exceeded the amount awarded. In support of her demand for increased child support, the mother filled out the standard list of expenses usually filed as an exhibit in this type of case. Hampered as he was by doubtful testimony, the trial court, based on experience, reviewed the list and arrived at an award he deemed appropriate. The record supports this result and there is nothing therein to warrant our adjusting it.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.

AFFIRMED.