ON MOTION TO DISMISS
ELLIS, Judge.
Plaintiff George Paul Bergeron and defendant Jennifer Ann Rogers Bergeron were divorced by judgment dated September 24, 1968. Defendant was awarded custody of their minor daughter, Andrea Marie Bergeron, alimony of $40.00 per month, and child support of $70.00 per month.
The rule in question herein was filed thereafter by plaintiff, seeking to have custody awarded to him and to have the alimony and support payments terminated. Defendant answered, praying for dismissal of the custody rule, and for an increase in both alimony and child support.
When the rule was tried, evidence was offered on the question of custody, but none on the question of alimony or child support. Judgment was signed on January 20, 1971, awarding custody to the plaintiff, but silent as to alimony and child support. On the same day, the judge signed an order fixing the alimony and child support portions of the rule for a later date. It was subsequently continued by the trial judge ex proprio motu, without date.
Defendant moved for this appeal on February 2, 1971, and the bond was timely filed. Plaintiff has moved to dismiss the appeal claiming that the judgment appealed from resulted from a partial trial of the rule, and the remainder thereof has not been tried. He alleges that the judgment is not a final judgment for that reason and therefore not appealable.
It does not appear from the record if the alimony and child support issues were not tried because inadvertently overlooked, because of stipulation, or by order of court. However, for whatever reason, it appears that the rule was not tried as to all issues presented thereby, and that neither party has abandoned his position relative to the untried issues.
This judgment does not fit into any of the categories for a partial judgment under Article 1915 of the Code of Civil Procedure. Neither are we confronted with a situation in which the court has ordered separate trials of a principal and incidental demand under Article 1038, because no incidental demand is involved herein. Nor has the court ordered, prior to trial, sepa *172 rate trials of properly cumulated actions as it could have done under Article 465 of the Code of Civil Procedure.
Under the circumstances, we think this case falls under the well established principle that there shall be only one final judgment in each case, and that piecemeal trials should be avoided.
In Walker v. Jones, 230 So.2d 851 (La.App. 1 Cir.1971), we said:
“The general rule is that there should be but one final judgment in a case, and that all issues presented by the pleadings and on which evidence has been offered must be considered as disposed of thereby. When the judgment is silent as to certain demands, they must be considered to be rejected.”
Since no evidence was offered on the points of alimony and child support, they cannot be considered as rejected by the trial court, particularly in light of the clear intention of the court and the parties that these issues were not abandoned and were to be considered at a later date.
Considering all of the foregoing, we conclude that the judgment appealed from herein was improvidently signed, prior to completion of the trial of the case as to all issues. It cannot be considered as a final judgment under the provisions of Article 1841 or under Article 1915. We conclude that it is not valid, enforceable or appeala-ble. The case must be remanded to the trial court for completion of the trial as to all issues presented, and for rendition of a final judgment thereon.
It is therefore ordered that the motion to dismiss the appeal herein be granted, and that the case be remanded to the trial court for further proceedings in accordance herewith. All costs of this appeal are to be paid by appellant.
Remanded.