ELLIS, Judge:
This is a custody rule in which plaintiff George Paul Bergeron is attempting to gain custody of his five year old daughter, Andrea, from his former wife, Jennifer Ann Rogers Bergeron. In response to plaintiff’s rule, defendant filed a rule asking for an increase in alimony and child support. Plaintiff is also asking that his alimony and child support payments be terminated. Judgment was rendered granting custody to plaintiff, and defendant has appealed. We dismissed that appeal on the basis that it was from an invalid partial judgment, and remanded the case for trial of all issues presented by the rules. See Bergeron v. Bergeron, 250 So.2d 170 (La.App. 1 Cir. 1971).
The parties thereafter stipulated to the termination of alimony and child support payments, and a judgment was signed accordingly. The second judgment, however, is silent as to custody. From that judgment, defendant has once again appealed. All of the assignments of error relate to the ruling of the court relative to the custodial question, and certain evidentiary rulings made in connection therewith.
Before going into the merits of the case, we find it necessary to point out that we erred in dismissing the first appeal taken herein. A judgment relative to custody or alimony is an interlocutory judgment, and not subject to the limitations of Article 1915 of the Code of Civil Procedure relative to partial judgments, or to the rule that there shall be but one final judgment in a case. Our ruling on the motion to dismiss was based on the erroneous assumption that the judgment appealed from was a final judgment. We will, therefore, consider both appeals in this opinion.
The record disclosed that Andrea Ber-geron was born August 1, 1965. Her parents married on August 21, 1965, and separated in 1966. Mr. Bergeron was awarded a divorce on the ground of living separate and apart for two years on September 24, 1968. In that judgment, Mrs. Bergeron was awarded custody of Andrea, $70.00 a month child support, and $40.00 per month alimony. There was no contest as to custody, alimony or child support.
We further note from the record that plaintiff remarried on October 19, 1968. Prior to that time, he had lived with his present wife since June, 1967. They had a child on March 30, 1968.
*818 After the 1966 separation, Mrs. Bergeron lived with her mother, Muriel T. Rogers, at Mrs. Rogers’ home on Bayou Blue. She then lived with one Thomas Ortner at 510 Pecan Street in Houma, Louisiana, for a couple of months, then moved back to Bayou Blue with her mother. During this time, Mrs. Rogers took care of Andrea.
In early 1967, defendant moved to Chack-bay, near Thibodeaux, and remained there for about one year. From there, she moved to a house on Maronge Street in Thibodeaux where she stayed for almost a year. She then moved to a house on Carroll Street in Thibodeaux for a couple of months. During this time, Andrea was in the care of Mrs. Bishop, defendant’s maternal aunt.
In March or April, 1969, Mrs. Rogers moved in with defendant, and Andrea came to live with them in Chackbay. In June, 1969, they moved to a house on Walnut Street in Thibodeaux, and in September, 1969, went back to Mrs. Rogers’ house on Bayou Blue, where they were living at the time of the trial on December 28, 1970.
Mrs. Bergeron worked as a bar maid throughout the above time except for a period from September, 1969, until March, 1970, when she was employed by a telephone answering service. She returned to work at the answering service at or shortly before the trial of this rule.
The record also reveals that Mrs. Rogers had a drinking problem in 1968, and that she lived with one Charles Trocjak during that time. She admitted to having been convicted of issuing a worthless check and driving while intoxicated. A medical certificate in the record reveals that she was considered to be an alcoholic during that period. However, at the time of the trial, she testified that she had stopped drinking when she moved in with the defendant in early 1969, and had not been drinking during the interval between that time and the trial.
There is nothing in the record to show that Andrea was not well cared for by her mother and grandmother. The testimony is to the effect that she is well fed and clothed and is otherwise happy.
We also note from the record that the plaintiff has been most assiduous in making his payments of alimony and child support, but that he had very seldom seen Andrea, except when delivering the support checks. He was awarded reasonable visitation privileges in the judgment of divorce.
In this case, plaintiff is seeking to modify an existing custody judgment. He has the burden of proving “that the conditions under which the children are living are detrimental to their interests and further that the applicant can and will provide a good home and better environment if given their custody.” Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955).
In reviewing the record in this case, we are of the opinion that plaintiff has failed to carry his burden of proof in either respect. There is nothing in the record detrimental to the defendant since March of 1969 when she brought Andrea to live with her. Neither is there anything to contradict Mrs. Rogers’ testimony that she no longer drinks alcoholic beverages. We further note that plaintiff did not contest the award of custody to defendant in September, 1968, at a time when Andrea was not even living with defendant. Of course, he was hardly in the position to do so at that time. If anything, Andrea’s environment has improved since then, and had remained stable for over 18 months at the time of the trial.
Neither has plaintiff shown that the environment which he would provide for Andrea is in any way superior to that in which she is presently living.
Since plaintiff has not satisfied the burden of proof required by law, he is not entitled to a change in custody. The judgment appealed from is therefore reversed, *819 and there will be judgment in favor of defendant Jennifer Ann Rogers Bergeron and against plaintiff George Paul Bergeron, dismissing his rule insofar as it relates to custody.
We note from the record that, following the rendition of the judgment below, defendant absented herself from the jurisdiction of the trial court, taking Andrea with her. A rule for contempt for failing to obey the custody judgment rendered by the court below has issued but never been served on her, other than through her counsel, who has assured this court he does not know her whereabouts. Under the circumstances, we believe it would be inequitable to reverse the judgment terminating alimony and child support, and that judgment is therefore affirmed.
All costs of this appeal are to be paid by plaintiff.
Reversed in part, affirmed in part, and rendered.