HAROLD L. DeWAILLY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent ROSEMARY DeWAILLY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
De Wailly v. Commissioner
Docket Nos. 900-74, 1215-74.
United States Tax Court
T.C. Memo 1976-71; 1976 Tax Ct. Memo LEXIS 332; 35 T.C.M. (CCH) 321; T.C.M. (RIA) 760071; March 9, 1976, Filed F. Kelleher Riess and Jerome J. Reso, Jr., for the petitioner in Docket No. 900-74. Harry A. Nowalsky and Lawrence J. Fritz, for the petitioner in Docket No. 1215-74. R. Travis Douglas, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined a deficiency in the Federal income tax of petitioner, Harold L. DeWailly, in the amount of $1,104.74 for the calendar year 1970. Respondent determined a deficiency in the Federal income tax of petitioner, Rosemary DeWailly, in the amount of $565.90 for the calendar year 1970. [1]
*334 Some of the issues raised by the pleadings have been disposed of by agreement of the parties, leaving for decision whether payments made by Harold L. DeWailly of $500 in each of the months November and December 1970 to Rosemary DeWailly, his former wife, are includable in her gross income for 1970 as alimony under the provisions of section 71, I.R.C. 1954, [2] and therefore deductible for such year by Mr. DeWailly pursuant to the provisions of section 215. All of the facts have been stipulated and are found accordingly. Petitioner Harold L. DeWailly was a resident of New Orleans, Louisiana at the time his petition in this case was filed. He filed an individual Federal income tax return for the calendar year 1970 with the Internal Revenue Service Center at Austin, Texas. Petitioner Rosemary DeWailly was a resident of Metairie, Louisiana at the time of the filing of her petition in this case. She filed an individual Federal income tax return for the calendar year 1970 with the Internal Revenue Service Center at Austin, Texas. On May 19, 1970, Mrs. DeWailly filed a petition in the 24th Judicial *335 District Court for the Parish of Jefferson, State of Louisiana, seeking a divorce from her husband. In conjunction with her petition for divorce she requested a judgment in her favor granting her custody of their daughter, Wanda Lynn, and alimony during the pendency of the suit. By consent and agreement of the parties a judgment was entered on May 26, 1970 pursuant to this request by the Louisiana Court granting Mrs. DeWailly custody of their daughter, establishing visitation privileges for Mr. DeWailly, and also providing for alimony for the support of their child. The Court, in its decree, ordered Mr. DeWailly to pay to Mrs. DeWailly "alimony for the support of their child at the rate of $500.00 per month, beginning June 1, 1970, and all costs of this rule." This judgment was to govern during the pendency of the divorce suit. Thereafter, on June 17, 1970, a judgment of final divorce was entered by the 24th Judicial District Court, Parish of Jefferson, State of Louisiana, decreeing a divorce avinculomatrimoni between Mr. and Mrs. DeWailly to dissolve forever the bonds of matrimony that had heretofore existed between them. The judgment contained provisions other than *336 the granting of the divorce, one of which was, "It is further ordered, adjudged and decreed that the prior award of alimony in the sum of Five Hundred and no/100 Dollars ($500.00) per month to Rosemary Staehle DeWailly be reaffirmed." Another provision in the decree directed "that the community property acquired during the marriage be partitioned according to the Laws of the State of Louisiana." Subsequent to this decree the parties through their respective attorneys entered into negotiation for the settlement of the community property. Letters were exchanged with respect to the division of property between the attorney for Mrs. DeWailly and the attorney for Mr. DeWailly. In this correspondence reference is made to the "Alimony situation" and the period during which "alimony" is to be paid as an issue between the parties. On October 12, 1970, a Compromise Agreement, Sale, Partition and Final Settlement of Community Property (Compromise Agreement) was entered into between the DeWaillys. The parties appeared before a Notary Public, the attorney for Mrs. DeWailly, and both signed this agreement, which contained, among others, the following recitations: PERSONALLY CAME AND APPEARED *337 : 1. HAROLD L. DeWAILLY, of the full age and a resident of the Parish of Jefferson, State of Louisiana; 2. MRS. ROSEMARY S. DeWAILLY, divorced wife of Harold L. DeWailly, of full age and a resident of and domiciled in the Parish of Jefferson, State of Louisiana, WHO DECLARED to me, Notary, as follows: WHEREAS, on May 19, 1970, appearer, Mrs. Rosemary S. DeWailly filed suit against her husband, Harold L. DeWailly, wherein she prayed for a final divorce, permanent care, custody and control of their child, Wanda Lynn DeWailly; that she likewise prayed for alimony for the support of herself and child and likewise asked for a Partition of the community property; which suit is entitled "Mrs. Rosemary Staehle DeWailly, wife of Harold L. DeWailly vs. Harold L. DeWailly", being No. 126-992 of the docket of the 24th Judicial District Court, Parish of Jefferson, State of Louisiana; and WHEREAS, on June 17, 1970, in the above numbered and styled proceeding, Judgment was rendered and signed in open Court wherein Mrs. Rosemary S. DeWailly was granted a decree of final divorce; that the said Mrs. Rosemary S. DeWailly was granted the care, custody and control of Wanda Lynn DeWailly; *338 that in said Judgment the said Harold L. DeWailly was condemned to pay alimony in the sum of $500.00 per month to Rosemary S. DeWailly which was for the support of herself and child; that in said Judgment it was further decreed that the community property acquired during the marriage be partitioned according to the laws of the State of Louisiana; and WHEREAS, said Judgment of divorce and said Judgment for alimony have not been appealed from, and the same has now become final; and * * *
After the agreement was executed by the parties, it was presented to the Judge of the 24th Judicial District Court, who had presided over the divorce proceedings with a "Joint Petition to Homologate Act of Partition, Compromise and Settlement of Community Property" to which a certified copy of the compromise agreement was attached and made a part. In this joint petition the parties petitioned "the court to homologate and confirm their compromise, partition and final settlement and enter herein a final and binding Judgment from which neither party may appeal." On October 20, 1970, the judgment was entered by the court. This judgment provided in part: Upon the joint petition of Mrs. Rosemary *339 S. DeWailly, divorced wife of Harold L. DeWailly, and Harold L. DeWailly, praying for approval and homologation of the partition of the community property, compromise agreement and settlement, the law and evidence being considered entitling the petitioners to the decrees prayed for, and for the reasons orally assigned: IT IS ORDERED, ADJUDGED AND DECREED that the compromise, partition and settlement of the community of acquets and gains heretofore existing between the petitioners, and effected by Act before Harry Nowalsky, Notary Public in and for the Parish of Orleans, Louisiana, on October 12, 1970, an authentic copy of which act is filed in these proceedings, be and the same is hereby approved and homologated. * * *
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Mrs. Rosemary S. DeWailly and against Harold L. DeWailly, in the sum of Five Hundred and no/100 Dollars ($500.00) per month for the support of herself and child, Wanda Lynn DeWailly, payable on the first of each month. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant, Harold L. DeWailly be and he is hereby condemned to make said payments of monthly alimony for a period *340 of two years, beginning October 1, 1970 and ending September 31, 1972 [sic]; in the event the plaintiff, Mrs. Rosemary S. DeWailly should remarry during this period, said alimony shall be reduced by one-half and likewise in the event their child, Wanda Lynn DeWailly should leave school and go to work or marry during this period the alimony shall be reduced by one-half. Thus, if Mrs. Rosemary S. DeWailly remarries within the two year period and Wanda Lynn DeWailly leaves school and goes to work or marries, prior to September 31, 1972 [sic], all of the alimony is terminated. Subsequent to the entry of the final decree of divorce, which was entered on June 17, 1970, Mr. DeWailly made payments to Mrs. DeWailly totaling $3,000 during 1970. The payments were made on the dates and in the amounts as follows: Date
Amount
July 1, 1970
$ 500
August 1, 1970
500
September 1, 1970
500
October 1, 1970
500
November 1, 1970
500
December 1, 1970
500
Total
$3,000
The payments listed above that were made prior to November 1, 1970, represent child support payments made pursuant to the judgment of the final decree of divorce entered June 17, 1970. [3]
*341 On her 1970 tax return Mrs. DeWailly included $750 under the heading of miscellaneous income with the source designated as alimony received from Mr. DeWailly. In the statutory notice of deficiency sent to Mrs. DeWailly, respondent increased her gross income by $2,250 because "[it] is determined that payments totaling $2,250.00 received by you in the tax year 1970 from your former husband, Harold L. DeWailly, were not child support payments, but instead represented alimony. Accordingly, the payments are includable in your gross income under section 71 of the Internal Revenue Code." On his 1970 tax return Mr. DeWailly deducted $3,000 as alimony paid to his former wife. In the statutory notice of deficiency sent to Mr. DeWailly, respondent disallowed this deduction because "[it] is determined that payments totaling $3,000.00 you made in the tax year 1970 to your former wife, Mrs. Rosemary S. DeWailly, were not alimony payments, but instead represented amounts payable for the support of your child. Accordingly, the payments are not includable in your former wife's gross income under section 71 of the Internal Revenue Code * * *." Section *342 71(a)(1)[4] and the regulations thereunder, sections 1.71-1(b)(1)(i) and 1.71-1(b)(4), Income Tax Regs., provide that if a wife is divorced from her husband she must include in her gross income periodic payments received by her after a decree of divorce in discharge of a legal obligation, arising out of the marital relationship, and imposed or incurred by the husband under the decree or written instrument incident to the divorce. Section 71(b)[5] provides that subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix in terms of money or a part of the payment as a sum for support of minor children of the husband. Section 215(a) [6] provides that a husband may deduct from his taxable income such periodic payments included under section 71 in the gross income of the wife. *343 The terms of the judgment of May 26, 1970, reaffirmed in the decree of June 17, 1970, "fix" the entire $500 per month to be paid by Mr. DeWailly to Mrs. DeWailly as child support, Cleveland J. Harris,51 T.C. 980 (1969), and the parties have so agreed. To resolve the issue here, it is necessary to determine whether the payments made by Mr. DeWailly to Mrs. DeWailly in November and December 1970, after the entry of the judgment on October 20, 1970, were made under that decree or were made under the decree of June 17, 1970, and if these payments were made under the judgment of October 20, 1970, was this judgment a "written instrument incident to" the divorce. The requirements of section 71(a) that the payments be periodic and in discharge of a legal obligation imposed on Mr. DeWailly because of the marital relationship are obviously applicable to the $500 monthly payments which are to cease on the happening of specified events, and no party contends to the contrary. Since the judgment of October 20, 1970, provides that the $500 a month payments were support for Mrs. DeWailly and the minor child, if the November and December payments were under this judgment and this *344 judgment was incident to the divorce, they are alimony under section 71(a) and not child support payments under section 71(b). Commissioner v. Lester,366 U.S. 299 (1961); Chester L. Tinsman,47 T.C. 560 (1967); Josephine D. Cothran,57 T.C. 296 (1971). [7]
Mr. DeWailly maintains that the payments made to Mrs. DeWailly in November and December of 1970 were made under the judgment of October 20, 1970, and that these payments are "periodic payments" within the meaning of section 71(a) which he is entitled to deduct for 1970 under section 215(a). In his brief respondent states that in his view Mr. DeWailly's position is correct under the facts here present. Mrs. DeWailly maintains that the agreement executed on October 12, 1970, and the judgment issued pursuant to that agreement did not (1) alter or amend the final divorce decree entered June 17, 1970, which *345 characterized the payments as child support; (2) the agreement and judgment were rendered subsequent to the divorce, at a time when under Louisiana law she could not be granted a judgment for alimony because she was not in "necessitous circumstances"; and (3) that the change in language from the original decree to the language used in the October 20, 1970, judgment being a change of substance is not allowed under Louisiana law, a final judgment having previously been entered in the case. On brief Mrs. DeWailly has conceded that the judgment of October 20, 1970, and the Compromise Agreement were part of the divorce proceedings but argues that this judgment was not "incident to the divorce." The requirement of section 71(a) of "a written instrument incident to such divorce" where the obligation is incurred in an instrument other than the decree is met where the written instrument is entered into incident to the status of divorce. Alice L. Heath,30 T.C. 339 (1958), affd. per curiam 265 F. 2d 662 (2d Cir. 1959). In our view the judgment of October 20, 1970, meets this requirement. The decree of divorce entered June 17, 1970, directed that the community *346 property be partitioned according to Louisiana law. Since Louisiana is a community property state, an agreement of division of community property is usual and necessary where a divorce is obtained in Louisiana if the parties have acquired property during the course of the marriage. Whether the division is made in an agreement of the parties reached prior or subsequent to the date of the divorce decree or is made by the Court, it is incident to the divorce. If the parties had not reached an agreement, the Louisiana Court would have been required to partition the community property acquired by the DeWaillys during the course of their marriage. An agreement reached by the parties which is approved by a judgment of the court which granted the divorce makes both the agreement and the judgment incident to the divorce. Having decided that the Compromise Agreement and the judgment of October 20, 1970, are each a written instrument incident to the divorce, we must determine whether the payments made subsequent to October 1970 were paid under the legal obligation created by the October 20, 1970, judgment of the Louisiana Court having jurisdiction of the case. [8]
*347 Mrs. DeWailly argues that since the judgment of October 20, 1970, was rendered subsequent to the date of final divorce, at a time under Louisiana law when she could not have received alimony, the payments are to be governed under the original decree of divorce. She bases this argument on two grounds. The first ground is that it has not been shown that she was in "necessitous circumstances" which is a necessary element to the allowance of alimony upon a divorce under Louisiana law. The second ground is that the language change in the decree of October 20, 1970, as compared to the June 17, 1970, decree with respect to the monthly payments is a change in the substance of the divorce decree and for that reason the change is not allowed under Louisiana law. Article 160 [9] of the Louisiana Civil Code which is the governing article with respect to the grant of alimony in Louisiana does condition such grant on insufficient means of the wife for her support. The only evidence in this record as to means which Mrs. DeWailly had for support is her income tax return reporting wages earned during 1970 and showing her occupation as "secretary." What was required for her support as compared to *348 her earnings is not shown. The fact that the wife is employed does not preclude an award of alimony. See Bergeron v. Bergeron,257 So. 2d 816 (La. App. 1972). The determination that a wife is of "necessitous circumstances" is to be made from an examination of all facts and circumstances surrounding the case. While such a determination is reached through an examination of what is required for the wife's maintenance, her "maintenance" includes not only her food, clothing and shelter, but also necessary transportation or automobile expense, medical and drug expense, utilities, household expenses, and the income tax liability generated by the alimony payments. Bernhardt v. Bernhardt,283 So. 2d 226 (La. 1973). We have no evidence before us in regard to Mrs. DeWailly's economic situation or her requirements for such necessities, but in this case the Louisiana Court judge having jurisdiction and discretionary power to award alimony under Louisiana law was apparently sufficiently satisfied to sign the judgment granting her alimony. *349 A further requirement under Art. 160 of the Louisiana Code is that the wife not be at fault. Whether Mrs. DeWailly had been at fault when she obtained the divorce the record does not disclose. However, the fact that the judgment provides for alimony for her support is presumptive that the requirement that she be without fault is met. The judgment is not subject to a collateral attack, King v. King,253 So. 2d 660 (La. App. 1971), and where the judgment for alimony has been entered by consent of the parties such consent is tantamount to a judicial admission of the wife's right to receive the alimony. Bernhardt v. Bernhardt,supra.
Mrs. DeWailly's other argument is that the difference of the language in the October 20, 1970, judgment from that in the June 17, 1970, divorce decree is a change in substance of the decree and as such is not allowed under Louisiana Statutes Ann. Code of Civil Procedure, article 1951.[10] Under Louisiana law an award of alimony is always an interlocutory award and is subject to change in the court which rendered the judgment. Wright v. Wright,179 So. 866 (La. 1938). Therefore an award of alimony *350 is an exception to the rule that there be a final judgment in the case. Bergeron v. Bergeron,supra.An alimony award may be adjusted subsequent to the decree of divorce to fit the needs of the parties whether or not the decree itself has provided for alimony. Slagle v. Slagle,17 So. 2d 923 (La. 1944). In our view it follows from the holdings of these cases that the alimony is paid under the last judgment of alimony which is entered. Mrs. DeWailly relies on the cases of Hug v. Hug,230 So. 2d 333 (La. App. 1970), and McGee v. McGee,157 So. 2d 312 (La. App. 1963), for the proposition that a change of language in an amendment to an alimony award which alters the Federal tax consequences is an attempt to alter the substance of the decree and not merely the phraseology and therefore is contrary to Louisiana law. In our view *351 both of these cases are distinguishable from the case before us. Both involved ex parte attempts to change the language of the judgment where here the change was made in a judgment entered by the Louisiana judge having jurisdiction of the divorce proceedings upon a joint petition of the parties. We conclude that the $1,000 paid to Mrs. DeWailly by Mr. DeWailly under the October 20, 1970, judgment is includable in Mrs. DeWailly's income under section 71(a) and deductible by Mr. DeWailly under section 215. Decisions will be entered under Rule 155.
Footnotes
1. Respondent has taken an inconsistent position with respect to his deficiency determination against petitioner Harold L. DeWailly and petitioner Rosemary DeWailly determining that the payments at issue are not deductible by the former and are taxable to the latter.↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
3. The parties so stipulated and have also stipulated that Mr. DeWailly is entitled to an exemption of $675 for the support of their daughter under sec. 152(e) for 1970. This stipulation is in accord with our holding in Cleveland J. Harris,51 T.C. 980 (1969), interpreting payments made under a Louisiana decree providing for "Alimony * * * for the support * * * of the minor children born of the marriage" not to be taxable to the wife under sec. 71(a) and deductible by the husband under sec. 215 but to be for child support under sec. 71(b)↩.
4. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule.-- (1) Decree of Divorce or Separate Maintenance.--If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. ↩
5. SEC. 71(b)↩ Payments to Support Minor Children.--Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support. 6. SEC. 215. ALIMONY, ETC., PAYMENTS. (a) General Rule.--In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d) or 682↩, the amount thereof is not includible in the husband's gross income.
7. Although the judgment of October 20, 1970, was entered upon a petition for approval of an agreement of division of property, no party contends that the $500 monthly payments were a part of Mrs. DeWailly's interest in the community property and the agreement clearly shows they were not.↩
8. Mrs. DeWailly has cited us Michel M. Segal,36 T.C. 148 (1961); Josephine D. Cothran,57 T.C. 296 (1971); and Gloria P. Johnson,45 T.C. 530↩ (1966). Those cases are not applicable to the situation before us as to the decree governing the payments. Each of those cases involved an attempt to retroactively alter the obligation between the spouses in regard to alimony payments. The case before us involves only a prospective application of the language change. For this reason those cases are not helpful in resolving the issue in the instant case as to whether the payments made in November and December 1970 were under the October 20, 1970, judgment.
9. La. Civil Code Ann. Art. 160 (West 1972) Art. 160. Wife's alimony after divorce Art. 160. When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when: 1. The wife obtains a divorce; 2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or 3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person. This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries.↩
10. Art. 1951. Amendment of judgment A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party: (1) To alter the phraseology of the judgment, but not the substance; or (2) To correct errors of calculation.↩