T.C. Memo. 2003-227


UNITED STATES TAX COURT


DAVID RUSSELL JACOBSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11372-01.                    Filed July 30, 2003.


David Russell Jacobson, pro se.

<u>Luanne S. DiMauro</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  Respondent determined the following defi-
ciency in, and additions to, petitioner's Federal income tax
(tax):

| | | Additions to Tax | |
|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1)[1] | Sec. 6654(a) |
| 1993 | $18,904 | $1,903.75 | $266.45 |

The issues remaining for decision are:[2]

(1) Is petitioner entitled to deduct for 1993 certain claimed charitable contributions?  We hold that he is not.

(2) Is petitioner liable for 1993 for the addition to tax under section 6651(a)(1)?  We hold that he is.

(3) Is petitioner liable for 1993 for the addition to tax under section 6654(a)?  We hold that he is.

FINDINGS OF FACT

Most of the facts have been stipulated by the parties and are so found.

At the time petitioner filed the petition in this case, he resided in Chicago, Illinois.

During the year at issue, petitioner received wages of $73,515 from OR Human Resources and other income of $4,280 from Occupational Medical Care, Inc.  However, petitioner did not file a tax return for that year.

---

[1]All section references are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Petitioner concedes the determinations in the notice of deficiency (notice) to increase his income for the year at issue. Respondent concedes that, instead of the standard deduction (i.e., $3,100) that respondent allowed petitioner in the notice, petitioner is entitled to deduct for the year at issue $3,541 of mortgage loan interest and $1,083 of points paid during that year.

On July 31, 2001, respondent issued to petitioner a notice with respect to his taxable year 1993. In that notice, respondent determined, inter alia, that petitioner is liable for the year at issue for additions to tax under sections 6651(a)(1) and 6654.

## OPINION

Respondent claims that section 7491 does not apply in the instant case because the examination of petitioner's case began prior to July 22, 1998. The record does not establish when respondent's examination of petitioner's taxable year 1993 began. Assuming arguendo that that examination began after July 22, 1998, we find that petitioner's burden of proof relating to the deficiency determination does not shift to respondent under section 7491(a). That is because petitioner has not complied with the substantiation and record-keeping requirements of section 7491(a)(2)(A) and (B). Accordingly, assuming arguendo that respondent's examination of the year at issue began after July 22, 1998, we find that petitioner has the burden of proving that respondent's deficiency determination is wrong. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). With respect to any deductions that petitioner is claiming for the year at issue for charitable contributions, deductions are strictly a matter of legislative grace, and petitioner bears the burden of proving that he is entitled to any such deductions

claimed. <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992).

Petitioner claimed at trial that he is entitled to deduct for the year at issue money that he contends he contributed to various charitable organizations during that year. In support of that claim, petitioner relied on his general, conclusory, and uncorrobrated testimony. We are unwilling to rely on that testimony. In order to be deductible, contributions of money must be substantiated by a canceled check, a receipt from the donee, or other reliable written records. <u>Higbee v. Commissioner</u>, 116 T.C. 438, 443 (2001); sec. 1.170A-13(a)(1), Income Tax Regs. On the record before us, we find that petitioner has failed to satisfy his burden of substantiating his claimed charitable contributions during 1993.

We turn now to the determinations in the notice that petitioner is liable for additions to tax under sections 6651(a)(1) and 6654(a). With respect to section 6651(a)(1), petitioner concedes that he did not file a tax return for the year at issue. Assuming arguendo that respondent's examination of the year at issue began after July 22, 1998, we find that respondent has satisfied respondent's burden of production under section 7491(c) with respect to respondent's determination under section 6651(a)(1).

In support of his position that he is not liable for the addition to tax under section 6651(a)(1), petitioner claimed at

trial that he did not have the "proper information" and therefore could not file a tax return for 1993. In support of that claim, petitioner relied on his general, conclusory, and uncorroborated testimony. We are unwilling to rely on that testimony. Assuming arguendo that we were to accept petitioner's testimony about why he failed to file a tax return for the year at issue, the un- availability of information or records does not necessarily establish reasonable cause for failure to file timely a tax return. See Elec. & Neon, Inc. v. Commissioner, 56 T.C. 1324, 1342-1343 (1971), affd. without published opinion 496 F.2d 876 (5th Cir. 1974). A taxpayer is required to file timely based upon the best information available and to file thereafter an amended return if necessary. Estate of Vriniotis v. Commis- sioner, 79 T.C. 298, 311 (1982). On the record before us, we find that petitioner has not met his burden of proving that he is not liable for the year at issue for the addition to tax under section 6651(a)(1).

With respect to section 6654(a), petitioner does not dispute that he did not pay estimated tax for the year at issue. Assum- ing arguendo that respondent's examination of the year at issue began after July 22, 1998, we find that respondent has satisfied respondent's burden of production under section 7491(c) with respect to respondent's determination under section 6654(a).

Petitioner claimed at trial that his failure to make esti-

mated tax payments was somehow related to Form W-4, Employee's Withholding Allowance Certificate (Form W-4), which was filed with an office of the government of the State of Kentucky. Petitioner has not made any argument that any of the exceptions in section 6654(e) apply in the instant case. On the record before us, we find that petitioner has not met his burden of proving that he is not liable for the year at issue for the addition to tax under section 6654(a).

To reflect the foregoing and the concessions of the parties,

Decision will be entered under Rule 155.