**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-92

UNITED STATES TAX COURT

COLLEEN C. CHERAMIE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1817-12S.                    Filed November 20, 2013.

Colleen C. Cheramie, pro se.

John K. Parchman, for respondent.

SUMMARY OPINION

ARMEN, Special Trial Judge:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies in petitioner's Federal income tax for 2007 and 2008 of $6,756 and $9,938, respectively, as well as an addition to tax under section 6651(a)(1) for 2007 of $1,689 and accuracy-related penalties for 2007 and 2008 of $1,351 and $1,988, respectively.[2]  After concessions by respondent,[3] the issues remaining for decision are:

(1) Whether payments by Craig Cheramie to petitioner and to third parties on petitioner's behalf totaling $62,285 for 2007 are includable in petitioner's gross income as alimony.[4]  We hold that they are;

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the years in issue; all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] All monetary amounts are rounded to the nearest dollar.

[3] Respondent concedes $2,668 of the original $64,953 amount determined to be unreported alimony income for petitioner for 2007.  This concession reduces the amount of unreported alimony income still in issue for 2007 to $62,285.  In addition, respondent concedes $41,920 of the original $43,421 amount determined to be unreported alimony income for petitioner for 2008.  This concession reduces the amount of unreported alimony income still in issue for 2008 to $1,501.  Finally, respondent also concedes the sec. 6662(a) penalty for 2008.

[4] Respondent's brief states that after he conceded $2,668 of the original

(continued...)

(2) whether Mr. Cheramie's payments to petitioner totaling $1,500 for 2008 are includable in petitioner's gross income as alimony.[5]  We hold that they are;

(3) whether petitioner is liable for an addition to tax under section 6651(a)(1) for 2007.  We hold that she is;

(4) whether petitioner is liable for a section 6662(a) accuracy-related penalty for 2007.  We hold that she is not.

## Background

None of the facts have been stipulated.

Petitioner resided in Louisiana at the time the petition was filed.

---

[4](...continued)
amount determined in the notice of deficiency for 2007, $61,925 remains in issue. However, it appears that a transposition of numerals occurred during calculations, most likely by the subtraction of the conceded amount from $64,593 rather than the amount determined in the notice of deficiency of $64,953.  Therefore, we proceed on the basis that the remaining amount in issue for 2007 is $62,285 ($64,953-$2,668).

[5] Respondent's brief states that after conceding $9,303 and $32,617 (totaling $41,920) of the original amount determined in the notice of deficiency for 2008, $1,321 remains in issue.  However, it appears that a transposition of numerals occurred during calculations, most likely by the subtraction of the conceded amount from $43,241 rather than the amount determined in the notice of deficiency of $43,421.  Therefore, we might proceed on the basis that the remaining amount in issue for 2008 is $1,501 ($43,421-$41,920); however, because of a $1 discrepancy (attributable most likely to rounding), the remaining amount in issue is actually $1,500, as discussed infra.

Petitioner married Mr. Cheramie in 1987. The couple had two children. After separating in November 2005, the couple was granted a divorce in October 2006 by the 24th Judicial District for the Parish of Jefferson, Louisiana (local court). In December 2006 Mr. Cheramie and petitioner, through their attorneys, agreed to a consent judgment by the local court under which Mr. Cheramie was to make direct payments to petitioner and to pay her American Express and Visa bills during 2007. The consent judgment stated that "[t]he parties are not denominating any of the payments as spousal or child support."

In February 2008 a hearing officer issued recommendations which became the basis for an interim judgment by the local court on February 19, 2008. The interim judgment awarded petitioner $5,322 per month from Mr. Cheramie from November 2005 through January 2008 and increased the amount to $5,421 per month effective February 1, 2008. In addition, the interim judgment ordered Mr. Cheramie to pay petitioner $7,000 per month in child support effective November 2005.

Mr. Cheramie's Payments to or on Behalf of Petitioner in 2007

During 2007 Mr. Cheramie paid petitioner's American Express bills totaling $37,765 and Visa bills totaling $7,452, for a total of $45,217. In addition, Mr. Cheramie wrote checks directly to petitioner totaling $17,068. In sum, Mr.

Cheramie paid $62,285 to petitioner or to third parties on petitioner's behalf in 2007 pursuant to the consent judgment.

Mr. Cheramie's Payments to Petitioner in 2008

In 2008 Mr. Cheramie paid the monthly mortgage on the home where petitioner and her children resided. He subtracted the amount of the mortgage payments as well as other expenditures from the court-ordered monthly payment of $5,421 and paid the balance to petitioner by check. Overall, Mr. Cheramie issued checks directly to petitioner totaling $12,207 for 2008. One such check, which was dated February 4, 2008, was for $1,500.

Petitioner's 2007 and 2008 Federal Income Tax Returns

Petitioner hired a certified public accountant (C.P.A.) to prepare her 2007 and 2008 tax returns. Petitioner filed her Form 1040, U.S. Individual Income Tax Return, for 2007 on May 14, 2009. On it, petitioner did not report any alimony income. Petitioner timely filed her Form 1040, U.S. Individual Income Tax Return, for 2008. On it, petitioner reported $10,707 of alimony income. Such amount did not include the aforementioned check dated February 4, 2008, for $1,500.

Notice of Deficiency

Respondent issued a notice of deficiency, determining deficiencies in income tax of $6,756 for 2007 and $9,938 for 2008.  In addition, respondent determined that petitioner was liable for an addition to tax for failure to file under section 6651(a) for 2007 and accuracy-related penalties under section 6662(a) for 2007 and 2008.[6]  Respondent determined that amounts paid by Mr. Cheramie to petitioner and to third parties on behalf of petitioner constituted alimony income.

Petitioner timely filed a petition for redetermination of the deficiencies and asserted that the amounts paid by Mr. Cheramie were not alimony income. Petitioner also challenged the addition to tax and the accuracy-related penalties.

## Discussion

### I.  Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Under section 7491(a)(1), the burden of proof may shift from the taxpayer to the Commissioner if the taxpayer produces credible evidence with respect to any factual issue

---

[6] Respondent has since conceded the accuracy-related penalty for 2008.  See supra note 3.

relevant to ascertaining the taxpayer's liability and satisfies certain other requirements. Petitioner did not allege that section 7491 applies, nor did she introduce the requisite evidence to invoke that section; therefore, the burden of proof remains on petitioner.

II. Alimony

For alimony to be taxable to the payee, the payments must satisfy all of the elements of section 71. Classification of a payment as alimony under a State statute does not necessarily mean that the payment is considered alimony under Federal tax law if any of the elements required by section 71 is missing. Hoover v. Commissioner, 102 F.3d 842 (6th Cir. 1996), aff'g T.C. Memo. 1995-183. Section 71 lists six statutory requirements for a payment to be considered alimony. We discuss them in turn.

A. Payments Must Be Made in Cash.

Section 71(b)(1) provides that to be considered alimony, payments must be made in cash. Checks and money orders payable on demand are considered cash. Sec. 1.71-1T(b), Q&A-5, Temporary Income Tax Regs., 49 Fed. Reg. 34455 (Aug. 31, 1984).

The record includes checks written by Mr. Cheramie to petitioner and to third parties on petitioner's behalf. Therefore, the first requirement is satisfied.

B. Payments Must Be Received by or on Behalf of a Spouse or Former Spouse Under a Divorce or Separation Instrument.

Section 71(b)(1)(A) provides that alimony payments must be made under a divorce or separation instrument.  Section 71(b)(2) defines such an instrument as a decree of divorce or separate maintenance, a written instrument incident to such a decree, a written separation agreement, or decree requiring spousal support.

1.  Taxable Year 2007

An agreement reached by the parties which is approved by a judgment of the court granting the divorce makes both the agreement and the judgment incident to the divorce.  See DeWailly v. Commissioner, T.C. Memo. 1976-71, 1976 Tax Ct. Memo LEXIS 332, at *15.  Here, the local court issued both the divorce decree and the consent judgment.  Therefore, the consent judgment, under which Mr. Cheramie made payments to petitioner and to credit card companies on her behalf, is a judgment incident to the divorce decree.  Accordingly, for 2007, section 71(b)(1)(A) is satisfied.

2.  Taxable Year 2008

In 2008 Mr. Cheramie made direct payments to petitioner and payments on petitioner's behalf pursuant to the consent judgment before February 18, 2008. After that time, Mr. Cheramie made payments directly to petitioner pursuant to the

February 2008 interim judgment. Because both the consent judgment and the interim judgment were approved by the court granting the divorce, payments made pursuant to the consent judgment or the interim judgment were incident to the divorce decree. See DeWailly v. Commissioner, 1976 Tax Ct. Memo LEXIS 332, at *15. Thus, for 2008, section 71(b)(1)(A) is satisfied.

C. The Divorce or Separation Instrument Does Not Designate Such Payment as a Payment Which Is Not Includible in Gross Income Under Section 71 and Not Allowable as a Deduction Under Section 215.

Under section 71(b)(1)(B), the divorce or separation instrument must clearly and explicitly state that the payments are not to be treated as income if they are to be tax free. See Richardson v. Commissioner, 125 F.3d 551, 556 (7th Cir. 1997), aff'g T.C. Memo. 1995-554; see also Baker v. Commissioner, T.C. Memo. 2000-164.

If the divorce or separation instrument does not expressly state that the payments are not to be treated as income, the payments are considered alimony for Federal tax purposes (assuming, of course, all other requirements are satisfied). See Richardson v. Commissioner, 125 F.3d at 557.

1. Taxable Year 2007

In 2007 Mr. Cheramie made payments under the consent judgment. The consent judgment does not contain any language stating that any portion of the payments is not to be treated as income. Therefore, section 71(b)(1)(B) is satisfied.

2. Taxable Year 2008

Before the interim judgment in February 2008, Mr. Cheramie made payments under the consent judgment, which, as discussed above, does not contain any language stating that any portion of the payments is not to be treated as income. The February 2008 interim judgment specified both child support and alimony, ordering Mr. Cheramie to pay $7,000 per month for child support and $5,322 for spousal support before February 1, 2008, and $5,421 for spousal support effective February 1, 2008. The parties agree that child support payments are not alimony. Only the amounts that were not child support are in issue. The interim judgment does not designate these payments as not being treated as income. Therefore, section 71(b)(1)(B) is satisfied.

D. The Parties Are Not Members of the Same Household When the Payments Are Made.

Under section 71(b)(1)(C), payments cannot qualify as alimony if legally separated or divorced spouses are members of the same household at the time the

payments are made. Mr. Cheramie moved out of the marital home when the couple separated in November 2005, and the couple has not lived together since that time. The parties agree that petitioner and Mr. Cheramie were not members of the same household for 2007 or 2008. Therefore, section 71(b)(1)(C) is satisfied.

E. There Is No Liability To Make the Payments After the Death of the Payee Spouse.

Section 71(b)(1)(D) provides that for payments to qualify as alimony, there can be no requirement that the payments continue after the death of the payee spouse. The court documents in this case are silent on this point. However, a support agreement that does not explicitly provide that payments terminate upon the death of the payee spouse can still satisfy section 71(b)(1)(D) if the payments terminate at the payee spouse's death by operation of State law. See Johanson v. Commissioner, 541 F.3d 973, 976-977 (9th Cir. 2008), aff'g T.C. Memo. 2006-105; see also Kean v. Commissioner, T.C. Memo. 2003-163, aff'd, 407 F.3d 186 (3d Cir. 2005).

Louisiana law provides that spousal support payments terminate upon the death of either party. See La. Civ. Code Ann. art. 115 (1997), as applicable to the years in issue. Because Mr. Cheramie's payments to petitioner would terminate under Louisiana law upon petitioner's death, section 71(b)(1)(D) is satisfied.

F.  Payments Do Not Qualify as Child Support Under Section 71(c)(1).

Section 71(c)(1) provides that even if the payments satisfy the requirements discussed above, "any payment which the terms of the divorce or separation instrument fix (in terms of an amount of money or a part of the payment) as a sum which is payable for the support of children of the payor spouse" is not alimony. Sec. 71(c)(1).  For a payment to be considered child support, the divorce or separation agreement must fix an amount or proportion of the payment as being payable for the support of the children of the payor spouse.  Id.

"Under section 71(c), child support payments may be separated out of alimony payments for tax purposes, but only if the amount intended for child support is sufficiently identifiable."  Kean v. Commissioner, 407 F.3d at 192. "Where support * * * [is] unallocated * * * the entire amount is attributable to the payee spouse's income."  Id.

Section 1.71-1(e), Income Tax Regs. provides:  "[i]f * * * the periodic payments are received by the wife for the support and maintenance of herself and of minor children of the husband without such specific designation of the portion for the support of such children, then the whole of such amounts is includible in the income of the wife as provided in section 71(a)."

Therefore, if the amount intended to be child support is not specifically designated, the entire amount is includible as alimony income to the payee spouse.

### 1. Taxable Year 2007

The 2006 consent judgment did not allocate any amount or percentage of Mr. Cheramie's payments to petitioner or to third parties on petitioner's behalf as child support. Therefore, the amounts received by and on behalf of petitioner are not child support, but are alimony income to petitioner. See sec. 71(c)(1); see also Kean v. Commissioner, 407 F.3d at 192; sec. 1.71-1(e), Income Tax Regs. Thus, section 71(c) is satisfied.

### 2. Taxable Year 2008

Before the February 18, 2008, interim judgment, Mr. Cheramie made payments to petitioner pursuant to the consent judgment. The 2008 interim judgment ordered Mr. Cheramie to pay $7,000 per month in child support and $5,322 per month in spousal support from November 2005 through January 2008 and $5,421 per month for spousal support effective February 1, 2008.

The parties have agreed on the characterization of all payments but one. Thus, the only payment left in dispute is the February 4, 2008, check for $1,500.

Petitioner states that she did not include the February 4, 2008, payment in income for the same reason that she did not include the 2007 payments: because

the payment was made pursuant to the 2006 consent judgment; i.e., because the consent judgment did not specify whether payments thereunder were alimony or child support, she did not consider any such payment to be alimony. But as discussed above, because the 2006 consent judgment did not allocate payments between alimony and child support, the February 4, 2008, payment is considered alimony. See sec. 71(c)(1); see also Kean v. Commissioner, 407 F.3d at 192; sec. 1.71-1(e), Income Tax Regs. Moreover, the 2008 interim judgment did not retroactively recharacterize the prior payments for tax purposes. See, e.g., Graham v. Commissioner, 79 T.C. 415, 419-420 (1982). Thus, petitioner must include the $1,500 payment in income.

In sum, all of the requirements to classify payments as alimony under section 71 have been satisfied with respect to the amounts remaining in dispute. Accordingly, petitioner must include alimony of $62,285 in income for 2007 and alimony of $1,500 for 2008.

III. Addition to Tax Under Section 6651(a)(1) for 2007

Section 6651(a)(1) imposes an addition to tax for failure to timely file a required return, unless it is shown that the failure was due to reasonable cause and not willful neglect. The amount of the addition to tax is 5% of the amount of tax required to be shown on the return if the failure to file is not more than one month,

with an additional 5% for each additional month during which the failure continues, not exceeding 25% in aggregate. Sec. 6651(a)(1). Under section 6651(b)(1), the amount of tax required to be shown on the return must be reduced by the amount of any part of the tax which is paid on or before the due date of the return and by the amount of any credit against the tax which may be claimed on the return.

With respect to a taxpayer's liability for any addition to tax or penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to come forward with sufficient evidence indicating that it is appropriate to impose the addition to tax or penalty. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. at 115.

To the extent that a taxpayer may assert reasonable cause for failing to timely file a return, she has the burden of proof. Higbee v. Commissioner, 116 T.C. at 446; Jordan v. Commissioner, T.C. Memo. 2005-266. To satisfy this burden, the taxpayer must show that she exercised ordinary business care and prudence, but was nevertheless unable to file the return within the prescribed time. Crocker v.

- 16 -

Commissioner, 92 T.C. 899, 913 (1989); sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Respondent did not receive petitioner's 2007 income tax return until May 14, 2009. Petitioner stated that she filed the return late because she and her C.P.A. did not have the proper information to timely file a tax return for 2007. However, the unavailability of information or records does not necessarily establish reasonable cause for failure to timely file a tax return. Jacobson v. Commissioner, T.C. Memo. 2003-227. Rather, a taxpayer is required to file timely on the basis of the best information available and to file an amended return later if necessary. Id.

Respondent has satisfied his burden of production by demonstrating that petitioner filed her return late. In contrast, petitioner has not produced evidence sufficient to satisfy her burden of proving that her failure to timely file was due to reasonable cause and not willful neglect. Therefore, petitioner is liable for the addition to tax for 2007 pursuant to section 6651(a)(1).

IV. Accuracy-Related Penalty for 2007

Section 6662(a) and (b)(1) and (2) imposes an accuracy-related penalty equal to 20% of the amount of any underpayment of tax that is due to the taxpayer's negligence or disregard of rules or regulations or that is attributable to any substantial understatement of income tax.

The term "negligence" includes any failure to make a reasonable attempt to comply with the tax laws, and "disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c). By definition, and as applicable herein, an understatement is the excess of the tax required to be shown on the tax return over the tax actually shown on the return. Sec. 6662(d)(2)(A). In general, an understatement of income tax is "substantial" if it exceeds the greater of $5,000 or 10% of the tax required to be shown on the return. Sec. 6662(d)(1)(A).

As discussed above, section 7491(c) places on the Commissioner the burden of production with respect to a taxpayer's liability for any penalty. Higbee v. Commissioner, 116 T.C. at 446-447. Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. at 115.

Section 6664(c)(1) provides an exception to the imposition of the accuracy-related penalty with respect to any portion of an underpayment if the taxpayer establishes that there was reasonable cause for such portion and the taxpayer acted in good faith with respect to such portion. The decision as to whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the pertinent facts and circumstances, including the taxpayer's

knowledge, education, and experience, as well as the taxpayer's reliance on professional advice.  Thomas v. Commissioner, T.C. Memo. 2013-60; see also Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000) (providing a three-prong test to establish reasonable reliance on professional advice), aff'd, 299 F.3d 221 (3d Cir. 2002); sec. 1.6664-4(b)(1), Income Tax Regs.  Generally, the most important factor is the extent of the taxpayer's effort to assess his or her proper tax liability.  Humphrey, Farrington & McClain, P.C. v. Commissioner, T.C. Memo. 2013-23; sec. 1.6664-4(b)(1), Income Tax Regs.

Although respondent has made some concessions, it is unlikely that those concessions would result in the understatement of income tax's not being "substantial" for 2007.  Assuming, arguendo, that respondent has met his burden of production in the instant case, we nevertheless conclude that petitioner has carried her burden with respect to reasonable cause and good faith.

It is clear from the record that petitioner is very inexperienced in legal, financial, accounting, and tax matters.  Under the circumstances, we accept petitioner's testimony that she relied on the language in the 2006 consent judgment that "[t]he parties are not denominating any of the payments as spousal or child support" to mean that Mr. Cheramie's payments were not alimony.  We also accept petitioner's testimony that she relied on her attorneys in her divorce proceedings to

advise her if her understanding was incorrect such that Mr. Cheramie's payments would constitute alimony. Because petitioner's attorneys did not disabuse her of her understanding, petitioner rationally concluded that her understanding was correct and that the payments did not constitute alimony. Also noteworthy is the fact that petitioner had her 2007 tax return prepared by a C.P.A. who was aware of petitioner's divorce and payments made by Mr. Cheramie. Finally, we note the complexity of petitioner's divorce, as demonstrated by the magnitude of respondent's concessions both during and after trial.

In sum, we are satisfied that petitioner acted in good faith and comes within the reasonable cause exception of section 6664(c)(1). See Thomas v. Commissioner, T.C. Memo. 2013-60; see also Neonatology Assocs., P.A. v. Commissioner, 115 T.C. at 98-99; Humphrey, Farrington & McClain, P.C. v. Commissioner, T.C. Memo. 2013-23; sec. 1.6664-4(b)(1), Income Tax Regs. Therefore, we hold that petitioner is not liable for the accuracy-related penalty under section 6662(a) for 2007.

## Conclusion

We have considered all of the arguments advanced by the parties, and, to the extent not expressly addressed, we conclude that those arguments do not support results contrary to those reached herein.

To give effect to our disposition of the disputed issues, as well as respondent's concessions,

<u>Decision will be entered under</u>

<u>Rule 155</u>.
